**Clinton RICE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3531.**

Supreme Court of Alaska.

Jan. 26, 1979.

Jane F. Kauvar, Asst. Public Defender, Fairbanks, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

Clinton Rice appeals from his conviction and sentence for the crime of armed rob-

bery.[1] He and another individual robbed a grocery store at gunpoint in Fairbanks on January 17, 1977.

Rice's first point on appeal is that the superior court erred in denying his requested jury instruction on the lesser-included offense[2] of robbery.

 Lesser included offense instructions are proper and required only where the greater offense requires the jury to find a disputed fact which is not required for conviction of the lesser-included offense.[3] Rice contends that the fact that evidence was given that his partner had total control of the gun required the trial court judge to give an instruction which would allow the jury to convict him only of robbery. There is no merit in this claim.

Alaska has abolished the common law distinction between accessories and principals to a crime.[4] We have in the past applied this statute to armed robbery of-fenses where only one offender used a firearm during the robbery.[5] Since there was sufficient evidence to convict Rice of robbery, the fact that a firearm was used in the robbery makes Rice a principal to the crime of use of a firearm during the commission of a robbery.[6] Thus, we conclude that it was not error to deny the requested lesser-included offense instruction.

 We now turn to Rice's claim that the sentence of ten years with five years suspended is excessive.[7] The primary responsibility for sentencing rests with the trial court.[8] On appeal, this court will make its own examination of the record, focusing on the need for protecting the public, the nature of the crime, and the defendant's character.[9] The trial court's imposition of sentence will be upheld unless it is "clearly mistaken."[10]

The trial judge's comments explaining the sentence imposed evidence a proper con-

---

1. There is no armed robbery offense, as such, in Alaska. Rice was charged with the violation of two statutes, AS 11.15.240 and AS 11.15.295.

 AS 11.15.240 provides:

 *Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.
 
 AS 11.15.295 provides:
 
 *Use of firearms during the commission of certain crimes.* A person who uses or carries a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years.

2. The basis for an instruction on a lesser-included offense is Criminal Rule 31(c), which provides:

 *Conviction of Lesser Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged, or of an attempt to commit either the offense charged or the offense necessarily included therein if the attempt is an offense. When it appears that the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only.

3. *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882, 888 (1965); *See Christie v. State,* 580 P.2d 310, 317 (Alaska 1978).

4. AS 12.15.010 provides:

 *Abrogation of distinctions between accessories and principals.* The distinction between an accessory before the fact and a principal, and between principals in the first and second degree is abrogated; and all persons concerned in the commission of a crime, whether they directly commit the act constituting the crime or, though not present, aid and abet in its commission, shall be prosecuted, tried, and punished as principals.

5. *Whitton v. State,* 479 P.2d 302, 315 (Alaska 1970).

6. AS 11.15.295, *supra* note 1.

7. The ten year minimum sentence prescribed by AS 11.15.295 is subject to suspension under AS 12.55.080. *Deal v. State,* 587 P.2d 740, Alaska Supreme Court Op.No.1769 (1978).

8. *Benefield v. State,* 559 P.2d 91, 97 (Alaska 1977).

9. *Id.; State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970).

10. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

sideration and application of the sentencing goals that we outlined in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).[11] He noted the seriousness of the offense, and considered that to effect the goals of rehabilitation and deterrence, the defendant must be incarcerated for a substantial period of time and impressed with the fact that resort to such activity in the future will result in maximum punishment. The court also reviewed the defendant's background. Rice was 27 years old, married, and expecting his first child at the time of the offense. He has no prior criminal record, has successfully completed service in the Army, and had held a responsible job. The court found that Rice was not a professional criminal, and that it was his financial situation and perhaps a drug problem which led him to commit the offense. The court sentenced Rice to the minimum term [12] and suspended half of it in recognition of his background and potential for rehabilitation.

Armed robbery is a serious crime, and the use of firearms aggravates the nature of the offense.[13] Rice was fortunate that his actions did not result in serious injury to himself or others.[14] We have, in the past, affirmed heavy sentences for robbery, especially where a weapon is used.[15] Our review of the record does not convince us that the sentence imposed in this case was clearly mistaken.

AFFIRMED.

11. Summarized, these are: 1) rehabilitation of the offender; 2) isolation of the offender from society; 3) deterrence of others with criminal proclivities similar to those of the offender; 4) deterrence of the offender himself; 5) community condemnation of the offender and affirmation of societal norms.

12. Robbery carries a maximum sentence of fifteen years. See AS 11.15.240, *supra*, note 1. The use of a firearm establishes a minimum of ten years. See AS 11.15.295, *supra* note 1.

13. R. Erwin, *Five Years of Sentence Review in Alaska*, 5 UCLA–Alaska L.Rev. 1, 13 (1975), states:

Robbery involves somewhat different considerations, given its high potential for injury. The court has affirmed substantial sentences where violence has actually occurred or where life has been endangered, or where prior convictions indicate that "less stern

measures have proven unsuccessful." Nonetheless, the opinions evidence a willingness to take a hard look at the age, background and psychiatric profile of the individual offender, and it cannot be said that the court considers the possibility of sentence relief to be automatically foreclosed in the robbery area. However, it would appear appropriate to take into consideration the potential injury to the victim in arriving at a proper sentence. Certainly, the use of weapons aggravates the nature of the crime. [footnotes omitted].

14. In this case, there was actual violence visited upon the victim of the robbery—Rice struck him during a struggle for the gun.

15. *See, e. g., Middleton v. State*, 577 P.2d 1050 (Alaska 1978); *Benefield v. State*, 559 P.2d 91 (Alaska 1977).