Kenneth L. MINANO, Appellant,

v.

STATE of Alaska, Appellee.

Timothy LORD, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 7812, 7868.

Court of Appeals of Alaska.

Nov. 9, 1984.

————

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant Lord.

James M. Hackett, Fairbanks, for appellant Minano.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After a joint trial, Kenneth Minano and Timothy Lord were convicted of robbery in the first degree, AS 11.41.500, and assault in the second degree, AS 11.41.210(a)(1). Minano and Lord appeal their convictions on several grounds. One of appellants' challenges involves the trial court's rejection of their proposed instruction on criminal mischief in the third degree, which they argued was a lesser-included offense of robbery. We believe that this issue has merit and therefore reverse.

## FACTS

Early in the morning of October 12, 1982, Fairbanks Yellow Cab driver Frank Illguth picked up Minano and Lord. After directing Illguth to a liquor store and a friend's house, Minano and Lord told him to drive to an isolated area near the Tanana River. When they arrived, Minano got out of the car, indicating that he was going into the woods to look for some tools. He returned in a short while, upset that he could not find the tools. He argued with Lord about the tools and the increasing cab fare. Minano obtained a flashlight from Illguth and left the cab to resume his search.

While Minano was in the woods, Illguth talked to Lord, who was in the back seat of the cab. After some time Illguth mentioned to Lord that he saw Minano returning. Lord suddenly struck Illguth on the head several times with a beer bottle. Illguth got out of the cab. Minano asked Illguth to show him his wounds. He appeared to be surprised that Illguth was injured and said that they should go for help.

When Illguth bent over with his head down, he was struck on the head several times with an object he thought was his flashlight. Illguth backed away and ran into the woods saying, "There's my cab, take it." Illguth testified at trial that, at the time, he felt that his life was in danger and hoped that taking the cab would be more attractive to his assailants than killing him. After Illguth ran away, Minano and Lord drove off in the cab. They were stopped several hours later south of Nenana, traveling away from Fairbanks.

At trial, Lord claimed that although he was guilty of some degree of assault, the assault was not accompanied by an intent to take the cab, a necessary element of robbery. Minano denied participation in the assault and argued that neither of the assaults, regardless of who committed them, was accompanied by an intent to take property. Both Minano and Lord alternatively defended on the theory that they were intoxicated and lacked capacity to form a specific intent to commit robbery.

In support of their theories of the case, Minano and Lord proposed two lesser-included offense instructions for the robbery—theft in the second degree, AS 11.46.130(a)(1), and criminal mischief in the third degree (joyriding), AS 11.46.484(a)(2). The state opposed these instructions. The state argued that neither theft nor joyriding was a lesser-included offense of robbery, since, under the statutory definitions of the offenses, theft and joyriding require proof of an actual taking, while robbery can be established by proof of an attempted taking. Judge Hodges refused to give the lesser-included offense instructions. Minano and Lord challenge this ruling on appeal.

## DISCUSSION

■ Alaska courts have rejected the strict statutory elements approach to lesser-included offense instructions and have applied the broader cognate approach. *See Elisovsky v. State,* 592 P.2d 1221, 1226 (Alaska 1979); *Christie v. State,* 580 P.2d 310, 320 (Alaska 1978); *Wilson v. State,*

670 P.2d 1149, 1151 (Alaska App.1983); *Nathaniel v. State*, 668 P.2d 851, 854 (Alaska App.1983); *Baden v. State*, 667 P.2d 1275, 1278 (Alaska App.1983).[1] Under the cognate approach the court must examine the evidence that the state relied on as well as the statutory elements of the offenses and determine whether, in the context of the case, it would be possible for the jury to find that the accused had committed the greater offense but not the lesser offense. *Rivett v. State*, 578 P.2d 946, 947 (Alaska 1978). If a finding of guilt on the greater offense would be inconsistent with acquittal on the lesser, and there is a disputed fact that distinguishes the greater offense from the lesser, an instruction on the lesser offense must be given. *Rice v. State*, 589 P.2d 419, 420 (Alaska 1979); *Wilson v. State*, 670 P.2d 1149, 1151 (Alaska App. 1983).

■ The state concedes on appeal that under the cognate approach joyriding was a lesser-included offense of robbery.[2] After an independent review of the record, we conclude that the state's concession of error is well-founded. *See Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972). An element of robbery is the unauthorized taking or attempted taking of property, and joyriding is the unauthorized taking of a vehicle. In seeking to establish the robbery, the state presented evidence that a cab was taken. Under the state's theory, it would

have been impossible for Minano and Lord to commit robbery without also committing joyriding. Furthermore, the element distinguishing joyriding from robbery—intent to deprive—was clearly in issue here. Minano and Lord asserted at trial that state had failed to prove the intent element of robbery and argued that they were too intoxicated to form a specific intent to deprive Illguth of his property. Thus, we conclude that the trial court erred in refusing to give the lesser-included offense instruction on joyriding.

The state contends that this error was harmless. It points out that the rationale for requiring instructions on lesser-included offenses is to avoid putting the jury in the position of having to choose between acquittal of a person who has obviously committed some wrong or conviction of that person for a crime of which he is not guilty. *See, e.g., Christie v. State*, 580 P.2d 310, 318 (Alaska 1978). It argues that since Minano and Lord were charged with both robbery and assault the jury was not faced with either finding Minano and Lord guilty of robbery or letting them go. The jury could have acquitted on the robbery and convicted of assault.

■ The state's argument is not convincing. The jury was instructed on assault as a separate offense, not as a lesser-

---

1. In *Elisovsky* the supreme court held that where the weapon involved was a firearm and there was some disputed evidence regarding defendant's intent, careless use of a firearm was a lesser-included offense of assault with a dangerous weapon. Another example of the cognate approach is found in *Nathaniel*. At Nathaniel's trial for sexual assault, the state relied on the victim's physical injuries to establish lack of consent. This court found that since there was some evidence that the alleged sexual intercourse may not have occurred, the trial court erred in refusing to instruct the jury on the lesser-included offense of fourth-degree assault.

2. Criminal mischief in the third degree, joyriding, is defined in AS 11.46.484, which provides, in pertinent part:

 (a) A person commits the crime of criminal mischief in the third degree if, having no right to do so or any reasonable ground to believe the person has such a right

(2) the person drives, tows away, or takes the propelled vehicle of another.

Violation of AS 11.41.510, robbery in the second degree, is a necessary element of first-degree robbery, AS 11.41.500(a). AS 11.41.510 provides, in pertinent part:

 (a) A person commits the crime of robbery in the second degree if, in the course of taking or attempting to take property from the immediate presence and control of another, the person uses or threatens the immediate use of force upon any person with intent to

 (1) prevent or overcome resistance to the taking of the property or the retention of the property after taking; or

 (2) compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

included offense of robbery. Moreover, the "wrong" that the lesser-included offense of joyriding addressed was the taking of the cab. Robbery was the only offense charged that dealt with the taking of the cab. Thus, it is possible that the jury was faced with the precise dilemma that lesser-included instructions were meant to avoid. The state has failed to provide any authority, and we are aware of none, indicating that the failure to give an instruction on a lesser-included offense was harmless error under these circumstances. We therefore reverse Minano's and Lord's convictions for first-degree robbery and remand for a new trial.[3]

Although our disposition of this issue makes it unnecessary to address appellants' other contentions, we believe that discussion of one related issue is necessary to provide guidance to the trial court on retrial. In addition to the lesser-included instruction for joyriding, Minano and Lord requested a lesser-included instruction for theft in the second degree.[4] The state argues that second-degree theft was not a lesser-included offense of robbery.

The state first contends that there was no evidence presented at trial indicating that the cab was worth more than $500. Although Illguth was not specifically asked to estimate the value of the cab, his testimony indicates that the cab was a functioning vehicle at the time of the offense. When he picked up Minano and Lord he had already driven the car for approximately twelve hours. The state relied on the fact that the cab was taken to prove the robbery and cannot deny the fact that the property had some value. Furthermore, Illguth indicated that there was approximately $130 in the cab when it was taken;

this money was apparently never recovered. Under these circumstances we do not believe the requirement of proving value as an element of theft prevents that offense from being considered a lesser-included offense of robbery. If a lesser-included offense instruction on theft was otherwise required, we believe that the jury should at the very least be instructed on the lesser-included offense of theft in the third degree, which applies where the value of the property taken is "$50 or more but less than $500." See AS 11.46.140(a)(1). Of course, if the trial court found that there was sufficient evidence to support a jury inference of value in excess of $500, an instruction on theft in the second degree would be appropriate.

■ The more difficult question in assessing whether theft was a lesser-included offense of robbery involves the state's assertion that these offenses have different intent requirements. An essential element of theft is the intent to deprive another of property or to appropriate the property of another. AS 11.46.100. As defined, "deprivation" or "appropriation" must be either permanent, for an extended period of time, or "under circumstances that the major portion of its economic value or benefit is lost." See AS 11.46.990(1), (2). An intent to permanently deprive is not a necessary element of robbery. Nell v. State, 642 P.2d 1361, 1365 (Alaska App.1982). First-degree robbery, as charged here, involves the use of force with "the intent to prevent or overcome resistance to the taking of property." AS 11.41.500; AS 11.41.510. In light of these differences in intent and in light of the fact that the taking in this case involved an automobile, it would in theory have been possible to convict of robbery

---

**3.** In the alternative the state could simply request that judgments be entered on the lesser-included offense of joyriding. See Nix v. State, 624 P.2d 823, 825 (Alaska App.1981).

**4.** Minano and Lord requested an instruction on theft in the second degree as defined in AS 11.46.130(a)(1), which provides:

(a) a person commits the crime of theft in the second degree if the person commits theft as defined in AS 11.46.100 and

(1) the value of the property or services is $500 or more but less than $25,000.

AS 11.46.100 provides in relevant part:
A person commits theft if

(1) with intent to deprive another of property or to appropriate property of another to oneself or a third person, the person obtains the property of another.

and acquit of theft. It is conceivable that the jury could have found that Minano and Lord intended to take the cab but did not intend to deprive Illguth of it or appropriate it from him in a permanent sense.

However, there is no question that there was ample evidence presented by the state on the issue of intent to support a theft conviction. The evidence showed that Minano and Lord drove away in the cab and were apprehended several hours later south of Nenana, traveling away from Fairbanks. Although the cab was recovered, the cash which had been in the cab was not. This evidence was introduced by the state for the purpose of proving that a robbery was committed.

We conclude that on retrial the jury should be instructed on the lesser-included offense of theft. While theft may not technically be a lesser-included offense of robbery, it is obviously closely related to both robbery and the lesser offense of joyriding; since the jury will be instructed on joyriding, we believe it should also be given the option of considering theft as a lesser-included offense.[5] Since we have independently concluded that the robbery convictions must be reversed and that upon re-trial the lesser-included instruction on joyriding must be given, we do not believe that the state would be prejudiced if the related offense instruction for theft was also given.[6] This will allow the jury to resolve the issues presented by the state's evidence. Considering the evidence, the theory of defense, and the close relation between the theft and joyriding offenses, we believe that an instruction on theft in the second degree will be appropriate if requested on retrial.[7]

Minano and Lord also appeal their convictions for assault in the second degree, arguing that assault is a lesser-included offense of first-degree robbery. The state concedes that assault is a lesser-included offense of robbery. Since we have concluded that the robbery conviction must be reversed, the assault conviction need not be disturbed at the present time.[8]

The convictions for robbery in the first degree are REVERSED; this case is REMANDED to the superior court.

5. Robbery has traditionally been the combination of theft and assault. A.L.I., *Model Penal Code and Commentaries* Part 11 § 222.1, at 96–115 (1980). The Alaska robbery statute adopted in the revised criminal code was derived from the Oregon statute. Or.Rev.Stat. §§ 164.395, 164.415. Although the Oregon statute refers to the theft requirement as "theft," the Alaska statute refers to it as "the taking of property."

6. As noted in *Nell v. State*, 642 P.2d 1361, 1367 (Alaska App.1982), the jury may be instructed not to decide the lesser-included offenses unless the defendant is acquitted on the charged offense. This instruction protects against the jury's use of a lesser-included offense as a compromise between those jurors who want to acquit of the greater offense and those jurors who want to convict on the greater.

7. We note that in a recent case the Supreme Court of California held that failure to give a defendant's requested instruction on a related, but not included, offense constituted reversible error. *People v. Geiger*, 35 Cal.3d 510, 199 Cal. Rptr. 45, 674 P.2d 1303 (1984). The court noted that although the intent requirements for the offense charged, burglary, and the disputed lesser offense, vandalism, were different, both offenses protect the same societal interest—security of property. The court held that under these circumstances, when evidence indicating that the accused committed an uncharged offense is admitted for the purpose of establishing the charged offense, an instruction on the related, uncharged offense should be given. *Id.* 199 Cal.Rptr. at 58, 674 P.2d at 1316. The court explained:

In doubtful situations, however, the determinative factor should be whether the option to convict a defendant of a related offense is necessary to insure that the jury is afforded the opportunity to decide all material issues presented by the evidence in accord with the defendant's theory of the case, where denial of that opportunity might undermine the reasonable doubt standard.

*Id.* 199 Cal.Rptr. at 48 n.12, 674 P.2d at 1316 n. 12.

8. *But see Hughes v. State*, 668 P.2d 842 (Alaska App.1983) (discussing lesser-included offense instruction where retrial on greater offense is held after conviction on lesser-included offense has been sentenced).