**STATE of Alaska, Petitioner,**

v.

**Kenneth L. MINANO and Timothy Lord, Respondents.**

**No. S–736.**

Supreme Court of Alaska.

Dec. 27, 1985.

---

12. *See* AS 08.18.021(3)(b).

**1014**

David Mannheimer, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

James Hackett, Fairbanks, for respondent Kenneth L. Minano. Carol Greenberg, Asst. Public Defender, Fairbanks, Dana Fabe, Public Defender, Anchorage, for respondent Timothy Lord.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

Alaska Crim.R. 31(c) authorizes a jury to convict a defendant of any lesser offense which is "necessarily included in the offense charged."[1] The question in this case is whether a jury may also convict a defendant of offenses which are related to the crime charged, but which are not necessarily included therein. We answer this question in the negative.

### I. FACTS

We take the facts from the Court of Appeals opinion in *Minano v. State*, 690 P.2d 28 (Alaska App.1984).

Early in the morning of October 12, 1982, Fairbanks Yellow Cab driver Frank Illguth picked up Kenneth Minano and Timothy Lord. After directing Illguth to a liquor store and a friend's house, Minano and Lord told him to drive to an isolated area near the Tanana River. When they arrived, Minano got out of the car, indicating that he was going into the woods to look for some tools. He returned in a short while, upset that he could not find the tools. He argued with Lord about the tools and the increasing cab fare. Minano obtained a flashlight from Illguth and left the cab to resume his search.

While Minano was in the woods, Illguth talked to Lord, who was in the back seat of the cab. After some time Illguth mentioned to Lord that he saw Minano returning. Lord suddenly struck Illguth on the head several times with a beer bottle. Illguth got out of the cab. Minano asked Illguth to show him his wounds. He appeared to be surprised that Illguth was injured and said that they should go for help.

When Illguth bent over with his head down, he was struck on the head several

---

**1.** Criminal Rule 31(c) provides:

The defendant may be found guilty of an offense necessarily included in the offense charged, or of an attempt to commit either the offense charged or the offense necessarily included therein if the attempt is an offense.

When it appears that the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only.

times with an object he thought was his flashlight. Illguth backed away and ran into the woods saying, "There's my cab, take it." Illguth testified at trial that, at the time, he felt that his life was in danger and hoped that taking the cab would be more attractive to his assailants than killing him. After Illguth ran away, Minano and Lord drove off in the cab. They were stopped several hours later south of Nenana, traveling away from Fairbanks.

## II. PROCEEDINGS

Minano and Lord were charged with robbery in the first degree, AS 11.41.500,[2] and assault in the second degree, AS 11.41.210(a)(1).[3] The robbery indictment read as follows:

> [O]n or about the 12th day of October, 1982, at or near Fairbanks ... Timothy Lord and Kenneth Minano in the course of taking or attempting to take property, an automobile[,] from the immediate presence and control of Frank J. Illguth, did use ... dangerous instruments, a beer bottle and a flashlight[,] upon Frank J. Illguth with intent to prevent or overcome resistance to their taking the property or their retention of the property after taking or with intent to compel Frank J. Illguth to deliver the property to them.

They were tried jointly. Lord's defense was that even though he was guilty of some degree of assault, the assault was not accompanied by an intent to take the cab, a necessary element of robbery. Minano denied participation in the assault and denied that the assaults were accompanied by any intent on his part to take the cab. Further, both defendants asserted that they were too intoxicated to be able to form an intent to commit robbery.

Minano and Lord asked the trial court to instruct on two lesser offenses for the robbery—second degree theft, AS 11.46.130(a)(1),[4] and criminal mischief in the third degree (joyriding), AS 11.46.484(a)(2).[5] The trial judge refused to give these instructions. Minano and Lord were convicted of first degree robbery and second degree assault.

On appeal the state conceded that joyriding was a lesser included offense of robbery and thus a joyriding instruction should have been given. The court of appeals accepted this concession, rejected the state's argument that the error was harmless, and reversed the robbery convictions. The court went on to hold that a lesser included offense instruction on theft should also have been given, stating:

**2.** AS 11.41.500 states:
> (a) A person commits the crime of robbery in the first degree if the person violates AS 11.41.510 and, in the course of violating that section or in immediate flight thereafter, that person or another participant
> (1) is armed with a deadly weapon or represents by words or other conduct that either that person or another participant is armed;
> (2) uses or attempts to use a dangerous instrument or represents by words or other conduct that either that person or another participant is armed with a dangerous instrument; or
> (3) causes or attempts to cause serious physical injury to another person.
> (b) Robbery in the first degree is a class A felony.

**3.** AS 11.41.210 provides:
> (a) A person commits the crime of assault in the second degree if
> (1) with intent to cause physical injury to another person, that person causes physical injury to another person by means of a dangerous instrument; or

> (2) that person recklessly causes serious physical injury to another person.
> (b) Assault in the second degree is a class B felony.

**4.** AS 11.46.130 provides:
> (a) A person commits the crime of theft in the second degree if the person commits theft as defined in AS 11.46.100 and
> (1) the value of the property or services is $500 or more but less than $25,000;
> (2) the property is a firearm or explosive; or
> (3) the property is taken from the person of another.
> (b) Theft in the second degree is a class C felony.

**5.** AS 11.46.484 states in pertinent part:
> (a) A person commits the crime of criminal mischief in the third degree if, having no right to do so or any reasonable ground to believe the person has such a right....
> (2) the person drives, tows away, or takes the propelled vehicle of another....

An essential element of theft is the intent to deprive another of property or to appropriate the property of another. AS 11.46.100. As defined, "deprivation" or "appropriation" must be either permanent, for an extended period of time, or "under circumstances that the major portion of its economic value or benefit is lost." *See* AS 11.46.990(1), (2). An intent to permanently deprive is not a necessary element of robbery. *Nell v. State*, 642 P.2d 1361, 1365 (Alaska App. 1982). ... In light of these differences in intent and in light of the fact that the taking in this case involved an automobile, it would in theory have been possible to convict of robbery and acquit of theft. It is conceivable that the jury could have found that Minano and Lord intended to take the cab but did not intend to deprive Illguth of it or appropriate it from him in a permanent sense.

. . . .

We conclude that on retrial the jury should be instructed on the lesser-included offense of theft. While theft may not technically be a lesser-included offense of robbery, it is obviously closely related to both robbery and the lesser offense of joyriding; since the jury will be instructed on joyriding, we believe it should also be given the option of considering theft as a lesser-included offense.

*Minano*, 690 P.2d at 32–33 (footnote omitted). The court noted that the state would not be prejudiced if the related offense instruction for theft was given and observed that this instruction "will allow the jury to resolve the issues presented by the state's evidence." 690 P.2d at 33. The court relied on *People v. Geiger*, 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303 (1984), quoting from that case as follows:

> In doubtful situations ... the determinative factor should be whether the option to convict a defendant of a related offense is necessary to insure that the jury is afforded the opportunity to decide all material issues presented by the evidence in accord with the defendant's theory of

the case, where denial of that opportunity might undermine the reasonable doubt standard.

690 P.2d at 33 n. 7.

The state petitioned for hearing to this court. The state's petition was limited to the ruling of the court of appeals that the trial court must instruct the jury on the offense of second degree theft.

### III. DISCUSSION

 Criminal Rule 31(c) [6] allows the jury to find a defendant guilty of a lesser offense if all of the elements of the offense charged are not proven. However, the rule requires that the lesser offense must be one "necessarily included in the offense charged." Whether the lesser offense is necessarily included is to be viewed from the perspective of the facts charged in the indictment, in light of the evidence actually presented. *Elisovsky v. State*, 592 P.2d 1221, 1226 (Alaska 1979).

 In the present case, Minano and Lord may be guilty of the offense charged in the indictment, robbery of Illguth by taking the cab, without being guilty of the offense of theft. This would be the case if the defendants did not intend to keep the cab either permanently or for an extended period of time. Thus, the requirement of Criminal Rule 31(c) that a lesser offense be one that is necessarily included in the greater has not been met.

For this reason we reverse that portion of the decision of the court of appeals which requires an instruction on the offense of theft at the retrial of the defendants. In reaching this decision we recognize that there may be good reasons on both sides of the question of whether to amend Criminal Rule 31(c) so that it extends to lesser related offenses. However, the rule as it stands does not reach this far and it must be followed unless and until it is changed.

---

**6.** *See* note 1, *supra.*