**Sammy M. KOMAKHUK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1081.**

Court of Appeals of Alaska.

May 30, 1986.

R. Scott Taylor, Asst. Public Defender, Nome, and Dana Fabe, Public Defender, Anchorage, for appellant.

John R. Vacek, Dist. Atty., Nome, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Sammy Komakhuk was convicted, after a jury trial, of murder in the second degree, AS 11.41.110(a)(1), and of assault in the first degree, AS 11.41.200(a)(1). Komakhuk now appeals both his conviction and sentence. We affirm.

The incident which resulted in Komakhuk's conviction occurred in the early morning hours of December 28, 1984. Komakhuk lived with two other men, James Kealiher, the owner of the house where they lived, and Howard Green. On the morning of the incident Komakhuk, who had been drinking, became upset with his roommates. Komakhuk picked up a rifle and shot Jimmy Kealiher in the head. After seeing Kealiher shot, Green ran out the front door. Komakhuk shot Green twice in the back as he ran. Green died as a result of his injuries; Kealiher survived the gunshot wound to the head.

At trial, Komakhuk did not dispute that he had done the acts for which he had been indicted, however, he raised a defense of diminished capacity to the murder charge. With respect to the assault charge, he argued that the assault did not result in serious physical injury to Kealiher.[1] The

---

1. The grand jury indicted Komakhuk for murder in the first degree, AS 11.41.100(a)(1), and assault in the first degree, AS 11.41.200(a)(1).

jury found Komakhuk guilty of murder in the second degree, a lesser-included offense of murder in the first degree, and guilty of assault in the first degree.

Judge Charles R. Tunley sentenced Komakhuk to thirty years' for the second-degree murder conviction and to ten years for the first-degree assault conviction. Judge Tunley made the sentences consecutive.

Komakhuk's first issue on appeal is that Judge Tunley erred in refusing to give an instruction on second-degree assault as a lesser-included offense of first-degree assault. The indictment charged Komakhuk under the subsection of the first-degree assault statute that reads "[a] person commits the crime of assault in the first degree if ... that person recklessly causes serious physical injury to another by means of a dangerous instrument." AS 11.41.200(a)(1). Komakhuk's defense on the assault charge was that Kealiher's injury was not "serious." Thus, Komakhuk contends he was entitled to an instruction on second-degree assault, as a lesser-included offense, since one portion of the second-degree assault statute does not require "serious physical injury." *See* AS 11.41.210(a)(1).[2]

Alaska has adopted the cognate approach to lesser-included offenses. *See Elisovsky v. State,* 592 P.2d 1221, 1226 (Alaska 1979).

Under the cognate approach the court must examine the evidence that the state relied on as well as the statutory elements of the offenses and determine whether, in the context of the case, it would be possible for the jury to find that the accused had committed the greater offense but not the lesser offense. If a finding of guilt on the greater offense would be inconsistent with acquittal on the lesser, and there is a disputed fact that distinguishes the greater offense from the lesser, an instruction on the lesser offense must be given. [Citations omitted.]

*Minano v. State,* 690 P.2d 28, 31 (Alaska App.1984) *rev'd. on other grounds, State v. Minano,* 710 P.2d 1013 (Alaska 1985). We have recognized that the cognate approach should be applied "realistically, not restrictively...." *Marker v. State,* 692 P.2d 977, 983 (Alaska App.1984).

■ Although Judge Tunley refused to give the jury an instruction on second-degree assault, he did instruct the jury on third-degree assault, AS 11.41.220(a)(2). Alaska Statute 11.41.220(a)(2) reads:

(a) A person commits the crime of assault in the third degree if that person recklessly

. . . .

(2) causes physical injury to another person by means of a dangerous instrument.

Thus, under the instructions given to the jury, the difference between assault in the first degree and assault in the third degree is the seriousness of the injury. Since both crimes require exactly the same elements of proof, except for the seriousness of the injury, third-degree assault is a lesser-included offense of first degree assault. *See Minano,* 710 P.2d at 1016.

■ The only issue at trial regarding the assault charge was whether the assault resulted in serious physical injury. Under the facts of this case, we hold that the court properly instructed the jury that third-degree assault, not second-degree assault, is a lesser-included offense of first-degree assault.

Judge Tunley sentenced Komakhuk to thirty years for the second-degree murder conviction, and made the sentence consecutive to the ten years imposed on the first-degree assault conviction. Komakhuk, as a first felony offender, was subject to a seven-year presumptive term under AS 12.55.125(c)(2) for the first-degree assault conviction. In imposing sentence on the assault conviction, Judge Tunley also found that

2. Alaska Statute 11.41.210(a)(1) provides:

A person commits the crime of assault in the second degree if

(1) with intent to cause physical injury to another person, that person causes physical injury to another person by means of a dangerous instrument.

the following aggravators applied: (1) AS 12.55.155(c)(2)—the defendant's conduct during the commission of the offense manifested deliberate cruelty to another person; (2) AS 12.55.155(c)(18)—the crime was committed against a member of the social unit comprised of those living together in the same dwelling as the defendant; and (3) AS 12.55.155(c)(10)—the conduct constituting the offense was among the most serious included in the definition of offense.[3] Judge Tunley increased the seven-year presumptive term to ten years based upon these finding.

First, Komakhuk contends that Judge Tunley should have followed the reasoning in *Pears v. State*, 698 P.2d 1198 (Alaska 1985), and used prior manslaughter convictions under the former criminal code as the basis for determining his sentence on the murder conviction, and not relied upon the benchmark set in *Page v. State*, 657 P.2d 850, 855 (Alaska App.1983). We decline to adopt Komakhuk's reasoning. We read *Pears* as applying specifically to murders which are caused by motor vehicle accidents. The supreme court in *Pears* notes, without disapproval, second-degree murder sentences similar to Komakhuk's sentence. The examples used by the supreme court involved factual situations similar to Komakhuks'. *See Pears*, 698

P.2d at 1202 n. 9. Therefore, since the record supports Judge Tunley's findings, we hold that Komakhuk's thirty-year sentence for second-degree murder was not clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

Secondly, Komakhuk contends that Judge Tunley erred in finding the aggravating factors that he used to enhance Komakhuk's sentence for first-degree assault. We hold that Judge Tunley was not clearly mistaken in finding that Komakhuk acted with deliberate cruelty. *See Juneby v. State*, 641 P.2d 823, 840 (Alaska App.1982) *modified on other grounds*, 665 P.2d 30 (Alaska App.1983). In addition, we hold that Judge Tunley did not abuse his discretion in finding that AS 12.55.155(c)(18) covers a living situation such as Komakhuk's.[4] We thus conclude that Komakhuk's total sentence was not clearly mistaken.

Komakhuk's conviction and sentence are AFFIRMED.

---

**3.** Komakhuk does not argue on appeal that Judge Tunley erred in finding this aggravator. However, Judge Tunley's sentencing remarks indicate that because this factor overlapped with the finding of deliberate cruelty, he considered them one aggravator for sentencing purposes.

**4.** Komakhuk also contends that Judge Tunley failed to place sufficient emphasis on Komakhuk's potential for rehabilitation. Judge Tunley's sentencing remarks show that he specifically considered Komakhuk's potential for rehabilitation, along with the other *Chaney* criteria. *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970). We have long held that the priority of sentencing goals is within the sentencing judge's discretion. *See, e.g., Clemans v. State*, 680 P.2d 1179, 1189 (Alaska App.1984). Nothing in the record before us indicates that Judge Tunley abused his discretion.

In addition, Komakhuk raises an issue based on our decision in *Andrews v. State*, 707 P.2d 900 (Alaska App.1985) *petition for hearing grant-*

*ed*, (Alaska, December 6, 1985). Komakhuk contends that Judge Tunley's sentencing remarks are unclear as to whether he believed that the sentences were required to be consecutive and contends that his case should be remanded for resentencing. There is nothing in the record which suggests that Judge Tunley thought that he was required to sentence Komakhuk to consecutive sentences. Judge Tunley made findings supporting consecutive sentences. Judge Tunley's sentencing remarks do not indicate that he even considered concurrent sentences appropriate. It is within his discretion to impose consecutive sentences. *See Andrews*, 707 P.2d at 906–08. We therefore do not find it necessary to remand this case for findings based upon *Andrews*. Komakhuk, of course, is free to raise this issue in the trial court under Alaska Rule of Criminal Procedure 35.