**Emiliano M. ARENAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1555.**

Court of Appeals of Alaska.

Nov. 7, 1986.

Dick L. Madson, Fairbanks, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Emiliano M. Arenas was convicted, following a jury trial, of second-degree murder, AS 11.41.110(a)(1), and third-degree assault, AS 11.41.220(a)(1). Superior Court Judge Jay Hodges sentenced Arenas to a term of twenty-five years for the murder and to a consecutive term of five years, all suspended, for the assault. Arenas appeals, contending that the murder sentence is excessive. We affirm.

Arenas' convictions resulted from an altercation between Arenas and another individual, Terry Hatfield, at the Sunset Inn, a Fairbanks nightclub. After a bystander, Don Berger, attempted to intervene, Arenas drew a pistol and shot Hatfield in the chest, killing him. A brief struggle for control of the pistol ensued between Arenas and Berger, in the course of which Arenas fired another shot. The shot struck the ground near Berger. Arenas then fled the scene.

Arenas was subsequently charged with first-degree murder and third-degree assault. At trial, there was evidence establishing that Hatfield was the initial aggressor in the altercation with Arenas. Arenas and Hatfield engaged in a brief but heated exchange of words. When Arenas made a beckoning motion toward Hatfield, Hatfield chased Arenas and began striking him with his fists. According to the state's evidence, however, Arenas drew his pistol and fired the fatal shot only after Berger had already intervened and succeeded in separating the two combatants. The defense theory, on the other hand, was that Arenas mistook Berger's intervention as an effort on his part to join with Hatfield in assaulting Arenas. Thus, the defense maintained

that the fatal shot was fired in self-defense or, alternatively, out of heat of passion.

The jury acquitted Arenas of first-degree murder but convicted him of second-degree murder, finding that in firing the fatal shot Arenas either intended to inflict serious physical injury or acted with the knowledge that death or serious physical injury was substantially certain to occur. *See* AS 11.-41.110(a)(1).

On appeal, Arenas notes that he had no prior criminal record at the time of the offense. He further notes that Judge Hodges believed the offense was uncharacteristic of Arenas and apparently did not believe a lengthy term of imprisonment was necessary to achieve rehabilitation or to isolate Arenas for the protection of the public. Thus, in concluding that a twenty-five year term was appropriate, Judge Hodges relied primarily on the sentencing goals of deterrence and reaffirmation of societal norms. *See State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

Arenas argues that these sentencing goals do not, in and of themselves, justify a sentence of twenty-five years' imprisonment.

We cannot agree. Arenas' argument is based primarily on the Alaska Supreme Court's decision in *Pears v. State*, 698 P.2d 1198 (Alaska 1985). There, the court held that under the circumstances before it the sentencing goals of deterrence and reaffirmation of societal norms did not justify imposition of a twenty-five year term for second-degree murder. *Pears v. State*, 698 P.2d at 1204–05. *Pears*, however, involved a second-degree murder conviction stemming from reckless operation of a motor vehicle in violation of AS 11.41.110(a)(2). In reversing the sentence in that case, the court initially determined that, despite classification of the offense as second-degree murder, it was more appropriate to evaluate Pears' sentence by comparison with prior vehicular manslaughter sentences than by comparison with other second-degree murder cases. *Pears v. State*, 698 P.2d at 1202–03.

More recently, in *Komakhuk v. State*, 719 P.2d 1045, 1048 (Alaska App.1986), this court had occasion to consider the supreme court's holding in *Pears* in the context of a non-vehicular second-degree murder case. We declined to construe *Pears* broadly, stating, "[w]e read *Pears* as applying specifically to murders which are caused by motor vehicle accidents." *Komakhuk v. State*, 719 P.2d at 1048.

Here, Arenas was convicted of murder not on the basis of reckless conduct with an automobile, but rather on the basis of a knowing or intentional act—the firing of a gun at close range at another person. The gun was a fully loaded semi-automatic pistol, which Arenas carried concealed upon his person to a nightclub. In these circumstances, we find, as we did in *Komakhuk*, that the supreme court's holding in *Pears* has no application.

Arenas separately argues that his sentence is excessive when compared with other second-degree murder cases. Arenas recognizes that, in *Page v. State*, 657 P.2d 850, 855 (Alaska App.1983), we established a range of twenty to thirty years as an appropriate benchmark for the sentencing of first offenders convicted of second-degree murder. Nevertheless, Arenas cites a number of cases, which he characterizes as comparable to his own, in which sentences of twenty years or less have been approved.[1]

We find Arenas' argument unpersuasive for two reasons. First, the cases cited by Arenas are appeals in which second-degree murder sentences of twenty years or less were approved as not being excessive. Those cases do not stand for the proposition that greater sentences would necessarily have been impermissible.

1. Arenas relies on *Bangs v. State*, 608 P.2d 1 (Alaska 1980) (fifteen years); *Gipson v. State*, 609 P.2d 1038 (Alaska 1980) (twenty years); *La-Londe v. State*, 614 P.2d 808 (Alaska 1980) (twenty years); *Asitonia v. State*, 508 P.2d 1023 (Alaska 1973) (twenty years); *Condon v. State*, 498 P.2d 276 (Alaska 1972) (twenty years).

Second, in comparing the circumstances of his case to the other cases on which he relies, Arenas adopts an interpretation of the facts in his own case that is consistent with the theory of defense he presented at trial. He argues, in effect, that he was provoked by Hatfield and fired at him in the mistaken belief that it was necessary to defend himself. As already noted, however, Arenas was convicted of murder not on the basis of reckless conduct, but on the basis of either knowing or intentional conduct. In reaching its verdict, the jury necessarily rejected the defenses of self-defense and serious provocation. These defenses were also plainly rejected by the sentencing court; in imposing sentence, Judge Hodges stated:

> Although Mr. Arenas may have been provoked by the deceased prior to the shooting, at the time of the shooting the altercation had been broken up. There was, as Mr. Doogan [the prosecutor] pointed out, a very large person between the two. Mr. Arenas, even in light of that, used the weapon and killed someone.

Arenas' twenty-five year sentence falls squarely within the benchmark recognized by this court in *Page*. In imposing this sentence, Judge Hodges carefully considered all relevant sentencing information and addressed all of the pertinent sentencing criteria. In other comparable second-degree murder cases, we have approved sentences substantially higher than the sentence received by Arenas. *See, e.g., Yu v. State*, 706 P.2d 348 (Alaska App.1985) (reversing as excessive a fifty-year second-degree murder sentence and remanding for imposition of a thirty-year sentence). Having independently reviewed the entire sentencing record, we do not believe that the sentence imposed by Judge Hodges was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.