**Garrieth CAVANAUGH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1530.**

Court of Appeals of Alaska.

May 13, 1988.

Carol A. Brenckle, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and JONES, Superior Court Judge.[*]

## OPINION

COATS, Judge.

Garrieth Cavanaugh was convicted, following a jury trial, of assault in the second degree, a class B felony. AS 11.41.-210(a)(1). Cavanaugh appeals to this court arguing that the trial court erred in refusing to instruct the jury on the lesser-included offense of disorderly conduct. We conclude that the trial court erred and therefore reverse Cavanaugh's conviction.

In March 1985, Cavanaugh and Victor Ashenfelter were staying near Seward in a cabin owned by Albert Cushing. Cavanaugh had resided with Cushing on and off for approximately four years. Ashenfelter had been staying at the cabin with his girlfriend, Paula Arkeys, for about one month. Cavanaugh and Ashenfelter apparently had difficulty getting along. As a result, on March 8, 1985, Cavanaugh asked Ashenfelter to leave. Ashenfelter refused, apparently on the ground that the cabin's owner, Cushing, had not asked him to leave. The next morning, Cavanaugh again asked Ashenfelter to leave Cushing's residence. Because Ashenfelter's and Ca-

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

vanaugh's versions of what occurred on March 9 vary so significantly, each will be set out separately.

## ASHENFELTER'S VERSION

Ashenfelter testified that Cavanaugh woke him up on the morning of March 9. Cavanaugh told him to go outside and fight or he would be dragged outside. Ashenfelter went outside, expecting to engage in a fist fight with Cavanaugh. Ashenfelter testified that he was completely unarmed. When Ashenfelter got outside, however, Cavanaugh struck him with nunchucks [1] above his eye, on his leg, and on his hip. When Ashenfelter began bleeding above his eye, Cavanaugh ceased his assault. Ashenfelter then walked to the hospital where the cut above his eye was treated with three stitches. Afterwards, Ashenfelter went to the Seward police station and reported the assault.

## CAVANAUGH'S VERSION

Cavanaugh testified that he asked Ashenfelter to leave Cushing's residence at Cushing's request. Cavanaugh stated that he believed that Ashenfelter had attacked Cushing when Cushing was intoxicated. Cavanaugh told Ashenfelter to leave on the morning of March 9, and Ashenfelter ultimately agreed to go. Cavanaugh was waiting outside the cabin for Ashenfelter to gather up his belongings and leave. Cavanaugh then saw Ashenfelter coming around the corner of the house. As he approached Cavanaugh, Ashenfelter reached down into his boot and pulled out a knife. Ashenfelter stated, "I'm going to stick you now." Cavanaugh, however, was able to kick the knife out of Ashenfelter's hand. During this altercation, Ashenfelter fell and hit the side of the house. Cavanaugh subsequently threw Ashenfelter his coat and Ashenfelter left. Cavanaugh indicated that Ashenfelter was half drunk at the time of the fight, therefore, he was able to disarm him. Cavanaugh denied having nunchucks.

At the close of the evidence, Cavanaugh asked for a jury instruction on disorderly conduct as a lesser-included offense. In requesting this instruction, Cavanaugh indicated that the jury might conclude that disorderly conduct was the appropriate charge if they believed no weapons were involved during the fight. In denying the instruction, Superior Court Judge James A. Hanson concluded that there was no evidence to justify the disorderly conduct instruction. He reasoned that in order to reach this conclusion, the jury would have to disbelieve both Ashenfelter as to the nunchucks and Cavanaugh as to the knife.

Alaska Statute 11.41.210(a)(1) provides:

(a) A person commits the crime of assault in the second degree if

(1) with intent to cause physical injury to another person that person causes physical injury to another person, by means of a dangerous instrument[.]

Alaska Statute 11.61.110(a)(5) provides:

(a) A person commits the crime of disorderly conduct if,

(5) in a public or private place, the person challenges another to fight or engages in fighting other than in self-defense[.]

In general, a defendant is entitled to an instruction on a lesser-included offense when some evidence was presented at trial whereby a jury could rationally conclude that the defendant was not guilty of the greater offense, but was guilty of the lesser offense. *Marker v. State*, 692 P.2d 977, 982 (Alaska App.1984). The defendant may elect to give the jury the opportunity to convict on a lesser-included offense rather than requiring the jury to choose between conviction on the greater offense or acquittal all together. The threshold for whether there is sufficient evidence to support a lesser-included offense is not high. The defendant must show only that there was "some evidence" to support a verdict on the lesser-included offense. *Nathaniel*

---

**1.** Nunchucks are two sticks each approximately one foot long, which are joined to each other by a short cord or chain. They are used as a weapon in the martial arts, and can cause serious bodily injury.

*v. State,* 668 P.2d 851, 854–56 (Alaska App. 1983).

The state agrees that disorderly conduct was a lesser-included offense of assault in the second degree. They argue, however, that there was simply no evidence by which a jury could rationally convict Cavanaugh of disorderly conduct. The state argues that there were only two verdicts that a jury could reach in this case. If the jury believed Ashenfelter, then Cavanaugh was guilty of assault in the second degree. If the jury believed Cavanaugh, then Cavanaugh acted in self-defense. The state points out that if the jury convicted Cavanaugh of disorderly conduct, then the verdict would be inconsistent with Cavanaugh's self-defense theory. This theory was adopted by the trial judge in declining to give Cavanaugh's disorderly conduct instruction.

In arguing that the trial judge was not required to give a lesser-included offense instruction in this case, the state has cited *Johnson v. State,* 665 P.2d 566 (Alaska App.1983). In *Johnson,* M.L.H., the complaining witness, testified that Johnson gave her a ride when she was hitchhiking. Johnson drove her to a secluded area over her protests. M.L.H. stated that Johnson grabbed her, forced her down on the seat, and grabbed her breasts through her clothing. After further struggle, Johnson released her. According to Johnson, however, after he picked up M.L.H., he turned into a deserted area at her direction. Johnson thought that M.L.H. wanted him to kiss her, so he did. Johnson claimed that M.L.H. became upset after he kissed her, so he had no further physical contact with her. Johnson was charged with kidnapping, attempted sexual assault in the first degree, and sexual assault in the second degree. *Id.* at 567–69. Johnson asked the court to instruct the jury on attempted sexual assault in the second degree, as a lesser-included offense for sexual assault in the second degree.[2] Johnson argued that the jury might conclude that Johnson intended to have sexual contact with M.L.H., and that in kissing her he made a substantial step, or an attempt, toward completing this crime. The trial judge in Johnson's case reasoned that if the jury believed Johnson's version of the facts, he was entitled to an acquittal on all charges, and rejected the proposed instruction. *Id.* at 569.

On appeal, Johnson argued that the trial court erred in not instructing on the lesser-included offense because the jury could have found that he attempted to have sexual contact with M.L.H., but that he never actually had sexual contact with her. This court, however, held that the trial court did not err in failing to instruct on the lesser-included offense of attempted sexual assault in the second degree. In explaining our decision, we stated:

> The trial judge is required to give a lesser-included offense instruction only in the event that there is a factual dispute as to an element of the greater offense so that the jury could rationally acquit on the greater offense and convict on the lesser offense. *Rice v. State,* 589 P.2d 419, 420 (Alaska 1979). However, the "decision whether there is enough evidence to justify a lesser offense charge rests within the sound discretion of the trial judge." *United States v. Busic,* 592 F.2d 13, 25 (2d Cir.1978). In the instant case, we believe that the trial judge did not abuse his discretion in deciding that there was insufficient evidence to justify the jury in concluding that Johnson attempted to coerce M.L.H. to have sexual contact with him by express or implied threats but that Johnson did not succeed in having sexual contact with M.L.H. That certainly was not

**2.** Alaska Statute 11.41.420(a)(1) provides:
  (a) An offender commits the crime of sexual assault in the second degree if the offender engages in
  (1) sexual contact with another person without consent of that person[.]
Alaska Statute 11.81.900(b)(52) provides:
  (52) "[S]exual contact" means

  (A) the intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breast; or
  (B) the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast[.]

Johnson's testimony and he never indicated that he wished to argue that theory to the jury. That theory would, of course, be inconsistent with his defense. We think the trial judge could reasonably conclude that there was insufficient evidence to justify charging the jury on the offense of attempted sexual assault in the second degree and that giving such a charge could confuse the jury about the relevant issues in this case.

*Id.*

In *Johnson,* because of the number of offenses before the jury, there was a legitimate concern about confusing the jury. Johnson's reason for originally seeking the lesser-included offense in the trial court appears to have been provided for by the jury instructions and counsels' arguments. It was therefore clear that the jury was to acquit Johnson if all he did was kiss M.L.H. Thus, it seemed reasonable for the trial judge to conclude that there was insufficient evidence to charge the jury on a theory that Johnson attempted to have sexual contact with M.L.H., but that he never had sexual contact with her.

In Cavanaugh's case, however, by refusing to give the disorderly conduct instruction, the trial court forced the jury to decide between Ashenfelter's version and Cavanaugh's version of the facts. We see no reason why the jury should have been limited to this choice. The jury, for instance, could have concluded that Cavanaugh assaulted Ashenfelter, and yet still maintained a reasonable doubt concerning his use of a weapon. Accordingly, we conclude that the trial court erred in refusing to give Cavanaugh's proposed instruction on the lesser-included offense of disorderly conduct.

The conviction is REVERSED.

SINGLETON, J., not participating.