**160**

Michael NORBERT, Appellant,

v.

STATE of Alaska, Appellee.

No. A-865.

Court of Appeals of Alaska.

May 2, 1986.

Rehearing Denied May 22, 1986.

Kevin F. McCoy, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Michael Norbert appeals his conviction by a jury on two counts of third-degree assault in violation of AS 11.41.220(a)(1). Norbert challenges: (1) the validity of the indictment on the basis of prosecutorial vindictiveness; (2) the trial court's refusal to . give lesser-included instructions on fourth-degree assault and disorderly conduct; and (3) his sentence as excessive. We find that the trial court erred in failing to give a lesser-included instruction on disorderly conduct and therefore remand the case for retrial.

## FACTS

On the evening of August 11, 1984, Michael Norbert was at home with his mother, Ellen Simpson, his half-sister, Claudia Simpson, and his half-brother, Claude Simpson. Norbert was intoxicated and was yelling and behaving in a rowdy manner. At one point, Norbert took two knives from the kitchen and waved them around. Claudia Simpson tried to take the knives away from him and Norbert laughed at her. Later, she was able to take the knives out of his back pocket and hide them above the cupboard. Norbert also swung his mother's cane around the apartment, breaking a lamp shade.

Officer Michael Chapman of the Seward Police Department responded to a call from Claude Simpson at approximately 7:40 p.m. When he arrived at the Little Bear Apartments, Officer Chapman saw Claude Simpson coming outside. Claude told the police officer that Norbert was inside, threatening his mother and sister with a knife. Officer Chapman opened the unlocked door and began to step inside. When he was halfway through the entrance, the door was kicked into him with enough force to knock him off balance. When Chapman looked up, he saw Norbert standing in the room holding a knife in an overhand manner. The officer told Norbert to drop the knife; Norbert did not and began walking towards the officer. Officer Chapman reached for his revolver. Again, he told Norbert to drop the knife. When the officer had the revolver partly out of its holster, Norbert began backing away. Officer Chapman put away the gun and started to take out his can of Mace. Norbert then backed up to where Claudia was and tried to grab her and pull her in front of him. Claudia pushed Norbert away and got away from him. Claudia testified that she was frightened that Norbert would cut her. Officer Chapman began to spray Norbert with Mace. After four or five seconds Norbert dropped the knife and fell to the ground. Officer Chapman then kicked the knife out of Norbert's reach and handcuffed and arrested him. Officer Chapman testified that he feared serious physical injury from Norbert during the incident.

## PROSECUTORIAL VINDICTIVENESS

Norbert was charged by information on August 12, 1984, with one count of third-degree assault against Officer Chapman. At the time set for preliminary hearing, the state informed the court that the matter would be reduced to a misdemeanor and no

preliminary hearing was held. Two days after the preliminary hearing date, Norbert was charged with three counts of fourth-degree assault, a class A misdemeanor. Norbert entered a not guilty plea and jury trial was set for the misdemeanors. Before the jury trial was held, the state presented the case to a grand jury and on September 6, 1984, a true bill was returned against Norbert for two counts of third-degree assault.

Norbert moved to dismiss the felony indictment against him on the basis of prosecutorial vindictiveness. He argued that the state's actions in increasing the charges against him after he exercised his right to a jury trial on the misdemeanor offenses gave the appearance of prosecutorial vindictiveness. The district attorney responded to Norbert's claim with an affidavit explaining her charging decisions in this case. The district attorney states that she had planned to charge Norbert's case as a felony from the start. No explanation is contained in the affidavit as to why the preliminary hearing on the original felony charge was not held on August 21, 1984. The district attorney explains that her concern for the safety of Norbert's family and society led her to charge him with misdemeanors, so that he would remain in jail. We note, of course, that Norbert could just as easily have been held in jail if he were held to answer after a preliminary hearing on the original felony charge. The district attorney states that she did not intend to deprive Norbert his right to trial or any other rights. Superior Court Judge Charles K. Cranston denied Norbert's motion to dismiss the indictment.

■ The doctrine of prosecutorial vindictiveness protects a defendant's exercise of due process rights under the federal and Alaska constitutions. *See, e.g., United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); *Dyer v. State*, 666 P.2d 438 (Alaska App.1983). To prevail, a defendant must allege facts raising a presumption of vindictiveness. The government then bears the burden of persuasion to show that no vindictiveness has

occurred. Norbert asserts prosecutorial vindictiveness because he was indicted on felony charges after asserting his right to a jury trial on misdemeanor offenses. Norbert has not raised a presumption of prosecutorial vindictiveness. As we stated in *Dyer v. State:*

> We see no reason to apply a presumption that assumes that vindictive prosecution has taken place when charges are increased prior to or at the time of the original indictment.

666 P.2d at 443. Here, as in *Dyer*, the lack of such a presumption leads us to conclude that the trial court's finding that the prosecution did not vindictively increase Norbert's charges was not erroneous.

## LESSER–INCLUDED OFFENSE INSTRUCTIONS

■ At trial, Norbert proposed lesser-included offense instructions on assault in the fourth degree and disorderly conduct. After hearing argument from the state and Norbert, Superior Court Judge James A. Hanson determined that he would not give Norbert's requested instructions. During the course of argument to the trial court, Norbert's counsel conceded that fourth-degree assault was not appropriate under the facts of the case. Thus, whether an instruction on fourth-degree assault should have been given is subject to plain error analysis under Alaska Rule of Criminal Procedure 47(b). Norbert's counsel verbally requested an instruction on reckless endangerment, but that argument is not renewed on appeal.

■ The issue of disorderly conduct as a lesser-included instruction was properly preserved at trial and argued and briefed by both parties on appeal. However, at oral argument before this court, Norbert's counsel stated that he was abandoning the argument that disorderly conduct should have been given as a lesser-included instruction because of the recent authority of *State v. Minano*, 710 P.2d 1013 (Alaska 1985). Had Norbert failed to brief the issue, we might not consider it, but we consider Norbert's abandonment of this is-

sue at oral argument in the same light as a concession of error by the state. Thus, we will accept such concession only if it is well-taken. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972).

■■■ Alaska Rule of Criminal Procedure 31(c) provides that a defendant may be found guilty of an offense necessarily included in the offense charged. In determining whether a lesser-included offense instruction should be given upon a defendant's request, Alaska has adopted the cognate approach. *Elisovsky v. State,* 592 P.2d 1221, 1226 (Alaska 1979). Under the cognate approach, the trial court must give a lesser-included offense instruction requested by the defense when it is impossible to commit the greater offense without commiting the lesser; and the greater offense requires the jury to find a disputed fact which is not required for conviction of a lesser offense. *Minano v. State,* 690 P.2d 28, 31 (Alaska App.1984), *rev'd on other grounds,* 710 P.2d 1013, 1016 (Alaska 1985). Cognate analysis requires consideration of evidence presented by the state and the defense, the theories of the case, as well as the elements of the offenses.

There was no conflict in the testimony that Norbert was intoxicated and waving knives around his mother's apartment. Both Officer Chapman and Claudia Simpson testified that they were fearful of being cut by Norbert. Norbert's theory at trial was that he was guilty of a disorderly conduct, and that at worst, he placed Chapman and Simpson in fear of imminent physical injury, but not serious physical injury, by his words and conduct. Norbert cites Claude Simpson's testimony that no one came close to getting cut, and Ellen Simpson's testimony that Norbert was waving knives in the air, not threatening anyone with them, to support the defense theory of the case.

■■■ Third-degree assault, upon which the jury was instructed and found Norbert guilty, is defined as follows:

(a) A person commits the crime of assault in the third degree if that person recklessly

(1) places another person in fear of imminent serious physical injury by means of a dangerous instrument....

AS 11.41.220(a)(1). A knife meets the definition of "dangerous instrument" contained in AS 11.81.900(b)(11).

■■■ A person commits the crime of disorderly conduct if he or she "recklessly creates a hazardous condition for others by an act which has no legal justification or excuse." AS 11.61.110(a)(6). Norbert requested an instruction on disorderly conduct, which was denied. The conduct underlying Norbert's indictment for third-degree assault involved menacing Officer Chapman and Claudia Simpson with a kitchen knife. Under those circumstances, no reasonable jury could find Norbert guilty of placing those persons in fear of imminent serious physical injury with a knife, and not guilty of creating a hazardous condition. We conclude that the testimony cited above which supported the defense theory of the case created a disputed fact distinguishing the two offenses and that it was error for the trial court to have refused to give the lesser-included instruction on disorderly conduct. The testimony created a question for the jury of whether Norbert placed Chapman and Claudia Simpson in fear of serious imminent physical injury, or merely created a more generalized hazardous condition for the people in the apartment. Moreover, disorderly conduct is necessarily included in the offense of third-degree assault as alleged in the indictment against Norbert. *See State v. Minano,* 710 P.2d at 1016. We therefore reverse Norbert's conviction and remand the case for retrial.

■■■ Norbert also requested and was denied a jury instruction on one form of fourth-degree assault:

(a) A person commits the crime of assault in the fourth-degree if ...

(3) by words or other conduct that person recklessly places another person in fear of imminent physical injury.

AS 11.41.230(a)(3). Having reviewed the record, we conclude that Norbert's counsel

abandoned this request at trial. Under the circumstances of this case, a reasonable jury could not possibly find Norbert guilty of third-degree assault and innocent of recklessly placing another in fear of imminent physical injury (*i.e.*, fourth-degree assault). Norbert contends that although Chapman and Claudia Simpson felt threatened by the knife, whether the harm they feared was "serious physical injury" or "physical injury," was a disputed fact. The testimony of Ellen and Claude Simpson which justified an instruction on disorderly conduct also justifies an instruction on the offense of fourth-degree assault. This testimony created a disputed fact distinguishing the two offenses and it was error for the trial court to have refused to give the instruction on fourth-degree assault. We need not decide whether this error constituted plain error under Alaska Rule of Criminal Procedure 47(b) because of our conclusion that it was error to refuse to give an instruction on disorderly conduct.

Our disposition on the failure to give lesser-included offense instructions makes it unnecessary for us to address Norbert's arguments or the state's concessions regarding his sentence.

The judgment of the superior court is REVERSED and the case is REMANDED for retrial.