Patrick A. COMEAU, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2074.

Court of Appeals of Alaska.

July 1, 1988.

Michael A. Stepovich, Fairbanks, for appellant.

Ernst Wendl, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Patrick A. Comeau was convicted by a jury of driving while intoxicated (DWI), in violation of AS 28.35.030. At trial, he requested an instruction allowing the jury to consider reckless driving, AS 28.35.040, as a lesser-included offense of DWI. The trial court declined to give the requested instruction. Comeau appeals, contending that the trial court erred in its ruling. We reverse.

▪ Under Alaska Rule of Criminal Procedure 31(c), "[a] defendant may be found guilty of an offense necessarily included in the offense charged...." An offense is "necessarily included in the offense charged" when it is impossible to commit the charged offense without also committing the included offense. *Minano v. State,* 690 P.2d 28, 31 (Alaska App.1984), *rev'd on other grounds, State v. Minano,* 710 P.2d 1013, 1016 (Alaska 1985). When a lesser offense is necessarily included in the offense charged, the jury must be instructed on the included offense if an element distinguishing the greater offense from the lesser is actually in dispute. *Rice v. State,* 589 P.2d 419, 420 (Alaska 1979); *Blackhurst v. State,* 721 P.2d 645, 648 (Alaska App.1986). Failure to instruct on a lesser-included offense violates the accused's right to fundamental fairness and is reversible error. *Christie v. State,* 580 P.2d 310, 318 (Alaska 1978).

Two approaches have been developed for determining whether a lesser offense is necessarily included in the offense charged, the statutory elements approach and the cognate approach. Both focus on the same fundamental question: would commission of the offense charged be possible without commission of the lesser offense? Each approach resolves this question from a slightly different perspective. The statutory elements approach focuses narrowly and exclusively on the elements of the greater and lesser offenses, as defined by statute. The cognate approach concentrates more broadly and realistically on the facts charged in the complaint or indictment and on the evidence actually presented at trial. *State v. Minano,* 710 P.2d at 1016; *Blackhurst v. State,* 721 P.2d at 648; *Norbert v. State,* 718 P.2d 160, 162–63 (Alaska App.1986).

Alaska has adopted the cognate approach. *State v. Minano,* 710 P.2d at 1016; *Elisovsky v. State,* 592 P.2d 1221, 1226 (Alaska 1979). Accordingly, a review of the evidence presented against Comeau at trial is crucial to the determination of

whether, in his case, reckless driving was a necessarily included offense of DWI.

The state's theory was in essence that Comeau drove while actually impaired by alcohol and recklessly caused an accident. The evidence tended to establish that, while driving on College Road in Fairbanks, Comeau lost control of his car, swerved suddenly and for no apparent reason into the path of another automobile, and caused a collision. Comeau left the scene without identifying himself to the other driver or reporting the accident. When he was apprehended several hours later, he was given a breath test, which revealed a blood alcohol level of .134, well above the presumptive level of intoxication. Extrapolation based on the assumption that Comeau had consumed no alcohol after the accident yielded an estimated blood alcohol level of between .15 and .22 at the time of the accident.

The only evidence of Comeau's driving was the evidence establishing his involvement in the accident. As evidence of intoxication, the state relied on Comeau's involvement in the accident and on his test results. The only theory of DWI submitted to the jury was that Comeau's driving was actually impaired by his consumption of alcohol; the jury was not given the option of finding Comeau guilty on the theory that his blood alcohol level exceeded the permissible statutory maximum.[1]

For his part, Comeau did not dispute that he had been driving and was involved in an accident. He testified, however, that the accident was entirely the fault of the other motorist and that his driving was not impaired by his prior consumption of alcohol. According to Comeau, his high breath test resulted from alcohol that he had consumed between the time of the accident and his arrest.

Based on this evidence, we must determine whether a rational juror could have found Comeau guilty of DWI but not guilty of reckless driving. The evidence left several possibilities open to the jury. The first two are obvious: the jury could have accepted the state's evidence in its entirety and convicted Comeau of DWI, or it could have accepted Comeau's testimony completely and acquitted him.

A third possibility open to the jury under the evidence was to accept the state's theory that Comeau was responsible for the accident but to conclude that there was a reasonable doubt as to his intoxication when the accident occurred. The possibility of the jury reaching this result arose from the significant lapse of time between the accident and Comeau's apprehension, and from Comeau's testimony that he had consumed alcohol after the accident occurred. By expressly contesting the issue of his intoxication at the time of the accident, Comeau placed in dispute the principal element distinguishing the crime charged, DWI, from the lesser offense of reckless driving.

The fourth, and last, possible outcome open to the jury is the critical one. Because Comeau disputed his responsibility for the accident as well as his intoxication when it occurred, it is at least conceivable that the jury could have concluded that his driving at the time of the accident was actually impaired by his consumption of alcohol but that the accident nevertheless

1. Under AS 28.35.030(a), DWI may be established by proving that the defendant was actually under the influence of intoxicating liquor or that the defendant's blood alcohol level, as revealed by a breath test, exceeded 100 milligrams of alcohol per 100 milliliters of blood. The statute provides, in relevant part:
   (a) A person commits the crime of driving while intoxicated if the person operates or drives a motor vehicle or operates an aircraft or a watercraft
   (1) while under the influence of intoxicating liquor, or any controlled substance listed in AS 11.71.140—11.71.190;
   (2) when, as determined by a chemical test taken within four hours after the alleged offense was committed, there is 0.10 percent or more by weight of alcohol in the person's blood or 100 milligrams or more of alcohol per 100 milliliters of blood, or when there is 0.10 grams or more of alcohol per 210 liters of the person's breath; or
   (3) while the person is under the combined influence of intoxicating liquor and another substance.

occurred through no fault of his own.[2] It is this possible outcome that raises the central question whether Comeau could have been convicted of drunken driving but acquitted of reckless driving. Only if Comeau could not have been convicted of DWI without also being convicted of reckless driving would the latter offense be necessarily included in the former. *See* Alaska R.Crim.P. 31(c).

If the issue of recklessness depended on Comeau's fault in causing the accident it would be apparent that, under the fourth possible outcome, he could be convicted of DWI without also being convicted of reckless driving. However, Comeau's recklessness cannot properly be made to turn on his responsibility for the accident. For if Comeau drove while actually impaired by alcohol, he drove recklessly, regardless of who was at fault in the accident. To conclude otherwise would be to hold that a person who drives drunkenly on a public roadway in the presence of other cars is not reckless unless that person actually causes an accident. Although that is the view taken in the dissenting opinion, it is foreclosed by prior decisions of the Alaska Supreme Court and this court.[3]

In *Lupro v. State*, 603 P.2d 468 (Alaska 1979), the defendant drove while he was intoxicated, became involved in an accident that caused the death of a pedestrian, and was convicted of manslaughter. Under the law applicable at the time, manslaughter was defined as a homicide resulting from the "culpable negligence" of the accused. *See* former AS 11.15.080. Lupro challenged his conviction on appeal, contending that, in order to establish culpable negligence, the state was required to prove not only that he drove while intoxicated but also that he committed some additional act of negligence. *Lupro*, 603 P.2d at 474–75.

The supreme court squarely rejected this argument. The court first defined "culpable negligence," as follows:

In order to establish culpable negligence the state must show a degree of conduct

2. Of course, a strong argument could also be made that this fourth possible outcome was not realistically open to the jury. Comeau's involvement in the accident was the principal evidence offered by the state to establish that his driving was actually impaired due to the consumption of alcohol. Apart from this evidence, the only evidence of his intoxication was the fact of his elevated blood alcohol level. Comeau's elevated blood alcohol level, however, did not directly establish that his driving was actually impaired. In this regard, it is significant that Comeau's jury was not instructed on the statutory presumption applicable to breath test results of .10 or greater. *See* AS 28.35.030(a)(2). Realistically, then, it is difficult to see how the jury could have concluded that Comeau's driving was actually impaired by alcohol if it rejected the state's theory that he caused the accident. *See Marker v. State*, 692 P.2d 977, 983 (Alaska App.1984) (emphasizing the significance of applying the cognate approach realistically). Because Judge Singleton's dissenting opinion posits this fourth outcome as a realistic possibility under the evidence, however, the discussion in the text proceeds on the assumption that the jury could reasonably have reached the conclusion that Comeau's driving was impaired by alcohol but that he was not responsible for the collision.

3. The concurring opinion suggests that there may be some fundamental distinction between the recklessness inherent in DWI and other forms of recklessness covered by the reckless driving statute. Thus, the concurrence sees a possible distinction in the fact that reckless driv-

ing, as opposed to DWI, "involves bad and heedless driving.... Driving while intoxicated ... does not necessarily involve physical acts which constitute bad driving. Primarily, DWI involves driving while impaired by alcohol." I find this statement particularly disturbing in its implications, for it suggests that DWI may involve some lesser, innocuous form of recklessness—a form less threatening than others. The concurring opinion makes the mistake of confusing reckless conduct with its immediate result. It is of course true that many types of recklessness lead to results that can readily be perceived by an external observer as being dangerous. But there are many reckless acts besides driving while intoxicated that create a substantial and unjustifiable risk of harm without immediate, externally observable signs of danger. For example, a person who chose to drive with closed eyes would certainly be reckless, but it is conceivable that such a driver could go for some distance without creating an appearance of "bad driving." This is not to say that the driving is not "bad driving;" only that it has no outwardly observable bad results. Like a driver with closed eyes, a driver who is impaired by alcohol is engaging in "bad driving." The fact that both drivers may go for some distance without outward manifestations of their recklessness has little to do with the fact that their conduct is reckless, nor does it serve as a basis for distinguishing their recklessness from other forms of recklessness.

more wanton and reckless than that involved in ordinary negligence ...[,] "a reckless disregard of consequences, a needless indifference to the rights and safety and even the lives of others."

*Lupro,* 603 P.2d at 475 (citations omitted). This definition is synonymous with the traditional definition of recklessness. *See St. John v. State,* 715 P.2d 1205, 1208–09 (Alaska App.1986).

Applying this definition, the *Lupro* court went on to hold that a person who drives while intoxicated is culpably negligent as a matter of law:

We believe that a person who drives while he is so intoxicated that he cannot control his actions falls within this definition. "One who is considerate of the rights of others does not drive while he is drunk." Where there is sufficient evidence that the driver was intoxicated at the time of the accident the state need only show beyond a reasonable doubt that the intoxication was the cause of the victim's death....

... Before reaching a verdict of guilty it was necessary only that each juror find that the defendant had been driving while intoxicated and that this was the proximate cause of the accident.

*Lupro,* 603 P.2d at 475 (citation omitted). The unmistakable import of the court's holding in *Lupro* is that, under the traditional definition of recklessness, a person who drives while actually impaired by alcohol is *per se* reckless.

Nevertheless, the law governing recklessness for most crimes has now changed. The Alaska Revised Criminal Code, which took effect after *Lupro* was decided, has divided the former concept of "culpable

negligence" into two distinct but related culpable mental states: recklessness and criminal negligence. *See* AS 11.81.900(a)(3) and (4).[4] Under the current statutory definitions, the level of risk necessary for both recklessness and criminal negligence is identical: both standards require conduct that creates "a substantial and unjustifiable risk"—that is,

[t]he risk must be of such nature and degree that disregard of it [or 'the failure to perceive' it] constitutes a gross deviation from the standard of care that a reasonable person would observe....

AS 11.81.900(a)(3). This level of risk is substantially similar to the risk required under *Lupro* to establish culpable negligence. *See St. John v. State,* 715 P.2d at 1208–09.

The only distinction drawn by the revised criminal code between recklessness and criminal negligence lies in the accused's subjective perception of the risk posed by the accused's conduct. Recklessness occurs when the defendant is "aware of and consciously disregard[s]" the risk. *See* AS 11.81.900(a)(3). Criminal negligence results when the defendant merely "fails to perceive" that risk. *See* AS 11.81.900(a)(4). The current statutory definition of "recklessly" further provides, however, that "a person who is unaware of a risk of which the person would have been aware had that person not been intoxicated acts recklessly...."

This court has had occasion to review *Lupro* in light of the intervening changes in the statutory definition of recklessness. In so doing, we have expressly recognized the continued vitality of the supreme

---

4. AS 11.81.900(a)(3) and (4) provide that, for purposes of the revised criminal code,

(3) a person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation; a person who is unaware of a risk of which the person would have been aware had

that person not been intoxicated acts recklessly with respect to that risk;

(4) A person acts with "criminal negligence" with respect to a result or to a circumstance described by a provision of law defining an offense when the person fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

court's decision. In *Edgmon v. State*, 702 P.2d 643 (Alaska App.1985), we considered these statutory provisions in the context of a drunken driving manslaughter prosecution. We concluded that, in determining whether an intoxicated person has acted recklessly or with criminal negligence, the issue of whether that person "is unaware of a risk of which the person would have been aware had that person not been intoxicated" is a question of fact. Thus, we held that, to prove recklessness as opposed to criminal negligence, "[t]he state [was] ... obligated to prove that Edgmon, given his faculties, his education, his experience, and his intelligence, would have perceived the risk [posed by his drunken driving] but for his intoxication." *Id.* at 645.

Implicit in our holding in *Edgmon* is the recognition that, under the statutory definitions set out in AS 11.81.900(a)(3) and (4), a person who drives while intoxicated must either be reckless or criminally negligent. What was implicit in *Edgmon* we made explicit in *St. John v. State*, 715 P.2d 1205 (Alaska App.1986).

In *St. John*, another drunken driving manslaughter case, the trial judge instructed the jury that it was required to find that the defendant acted recklessly if it found that he drove while intoxicated. In addressing a challenge to this instruction, we specifically recognized that the basic holding in *Lupro* continued to apply to the statutory definitions of recklessness and criminal negligence found in the revised criminal code:

> In summary, evidence that a defendant drove while intoxicated and, as a result, caused the death of another person, may establish a *prima facie* case of the reck-

lessness necessary for a finding that the defendant committed manslaughter.

715 P.2d at 1209.

We nevertheless concluded that the instruction challenged in *St. John* was improper for two reasons. First, relying on our prior decision in *Edgmon*, we noted that the question of whether drunken driving amounted to recklessness, as opposed to criminal negligence, was an issue of fact for the jury. Because the jury might have found either recklessness or criminal negligence, we concluded that it was error to instruct that drunken driving was tantamount to recklessness. 715 P.2d at 1209. Second, relying on case law prohibiting the use of mandatory presumptions in criminal cases, *see Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), we held that the legal relationship between drunken driving and recklessness should have been communicated to the jury in the form of a permissive inference rather than a mandatory presumption. *Id.* at 1209–10 & n. 2.

Neither of the grounds we relied on for reversal in *St. John* erodes the validity of the primary holding in *Lupro*. While *St. John* recognizes that drunken driving may amount to either recklessness or criminal negligence, by so doing it establishes that a person who drives on a public roadway while actually impaired by alcohol is at least criminally negligent. Beyond that, *St. John* stands for the proposition that the trial court cannot, by the use of a mandatory presumption, usurp the jury's role of deciding whether the state has proved all the elements of the offense. This proposition has no bearing whatsoever on whether a person who engages in drunken driving necessarily acts recklessly.[5]

---

5. As a concomitant of its role as the exclusive fact-finder in criminal cases, the jury always has the ability to nullify the law. This ability hardly serves as a basis for denying a lesser-included offense instruction. If that were the case, then a lesser-included offense instruction would never be required under the prevailing legal standard, because, in theory, the jury would always have the power, by resorting to nullification, to convict the defendant of the crime charged while acquitting on a necessarily included lesser offense. In deciding whether Comeau could

have been acquitted of reckless driving had he been convicted of DWI, we must assume that the finder of fact—here, the jury—would have acted rationally and in accordance with applicable law; the possibility of nullification can play no part in the analysis. *See Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984). The dissent, in the present case, accuses the majority of "confus[ing] a *prima facie* case with the necessary finding required to establish a greater and lesser offense relationship under the cognate theory."

When read together, the holdings in *Lupro, Edgmon,* and *St. John* establish beyond dispute that a person convicted of driving on a public roadway, in the presence of other traffic, while actually impaired by alcohol, is also necessarily guilty of driving recklessly or with criminal negligence, as those terms are defined in the revised criminal code.[6] Applying the settled rules governing lesser-included offenses to the definition of recklessness and criminal negligence contained in the revised criminal code, it follows that lesser-included offense instructions on reckless and negligent driving would be required in a DWI prosecution whenever the element of intoxication was disputed and whenever the prosecution supported its case by proof that the defendant actually drove in an erratic or dangerous manner.[7]

Nevertheless, this conclusion does not fully resolve the issue presented in Comeau's case. The offenses of reckless and negligent driving, as set out in AS 28.35.040 and .045, are not subject to the definitions of recklessness and criminal negligence established in the revised criminal code. Rather, each of the offenses includes its own definitions.

The dissent, however, appears to do precisely what is forbidden—that is, to posit the possibility of an irrational jury verdict as a basis for concluding that Comeau could have been convicted of the greater offense but acquitted of the lesser.

6. We emphasize that we are dealing with the cognate approach to lesser-included offenses and that the cognate approach deals with case-specific evidence. *Lupro, Edgmon,* and *St. John,* as well as the present case, all involve situations in which the defendant drove on a public roadway in the presence of other vehicles or persons. The statute prohibiting DWI, however, covers not only actual driving, but any act of "operating" a motor vehicle. In prior DWI cases, we have broadly defined "operating" to include all situations in which the accused exercises actual physical control over a motor vehicle, regardless of whether any actual driving occurs. *See, e.g., Lathan v. State,* 707 P.2d 941 (Alaska App.1985). The supreme court has recently added its voice to ours. *See Alaska Department of Public Safety v. Conley,* 754 P.2d 232, (Alaska, 1988). Accordingly, in certain situations involving "operation" where no actual driving occurs, it might be arguable that the defendant's conduct, though technically prohibited under the DWI statute, is not actually reckless or criminally negligent. In such unusual situations, the cognate approach might lead to the conclusion that reckless or negligent driving would not be lesser-included offenses of DWI, because it might be possible for a reasonable jury to find the defendant guilty of DWI without also finding reckless or negligent driving. By the same token, where the prosecution in a DWI case relied exclusively on the statutory prohibition against driving with a blood alcohol level of .10 or greater and made no effort to establish actual impairment, it might be arguable—though somewhat less plausibly—that conviction of DWI would not necessarily imply commission of reckless or negligent driving.

Because, in applying the cognate approach, we deal only with the facts and evidence in the case before us, it is sufficient to note that the issues raised by these hypothetical situations are not presented on the facts of Comeau's case and can be addressed in future cases if and when they arise. As a practical matter, it may be expected that questions concerning the need for a lesser-included offense instruction will seldom arise in such cases, for typically the jury would have no evidence apart from the evidence of intoxication to rely on as a basis for finding recklessness. Because there would be no way to find reckless driving without finding DWI, the need for a lesser-included instruction on reckless driving would be obviated. *See* footnote 7, *post.*

Here, at any rate, Comeau undisputedly engaged in driving on a public roadway, with other traffic present. Under the circumstances, if the state established that he was actually under the influence of alcohol when he drove, *Lupro, Edgmon,* and *St. John* would compel the finding that he was either reckless or criminally negligent.

7. Two aspects of this conclusion may be less than self-evident; they deserve clarification. First, if the element of intoxication is not actually in dispute—as when the accused defends solely on the contention that no driving occurred—then a lesser-included offense instruction is not warranted because there is no rational basis to support a conclusion that the accused committed the lesser offense without also committing the greater. *See, e.g., Rice v. State,* 589 P.2d 419, 420 (Alaska 1979). Second, a similar result follows when there is no evidence of actual impaired driving—as when the prosecution bases its entire case on a breath test result that exceeds the statutory maximum. In such situations, assuming the jury rejected the evidence of the accused's breath alcohol level and acquitted of DWI, there would simply be no rational basis left to support a finding of guilt on the lesser offenses of reckless or negligent driving. Instruction on these offenses would therefore be unwarranted.

Alaska Statute 28.35.040 [8] establishes the offense of reckless driving, prohibiting a person from driving "in a manner which creates a substantial and unjustifiable risk of harm to a person or property." The statute goes on to provide:

A substantial and unjustifiable risk is a risk of such a nature and degree that the conscious disregard of it or a failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

AS 28.35.040(a).

This definition is virtually identical in scope to the combined conduct encompassed by the definitions of recklessness and criminal negligence that are set out in the revised criminal code. *Compare* AS 28.35.040(a) *with* AS 11.81.900(a)(3) and (4). In substance, this definition is also indistinguishable from the concept of "culpable negligence" that was passed upon by the supreme court in *Lupro. See Bailey v. Lenord,* 625 P.2d 849, 856 (Alaska 1981). Thus, the definition of recklessness in AS 28.35.040(a) changes nothing. Its similarity to the definitions contained in the past and current criminal codes serves only to underscore the validity of the basic conclu-

sion reached in *Lupro, Edgmon,* and *St. John:* that a person who drives while under the influence of alcohol is guilty of reckless driving.

In comparison, Alaska's negligent driving statute, AS 28.35.045,[9] may be satisfied by proof of an "unjustifiable risk of harm," as opposed to the "substantial and unjustifiable" risk required for reckless driving. The definition of an "unjustifiable risk" is essentially the same definition that applies to cases of ordinary civil negligence:

An unjustifiable risk is a risk of such a nature and degree that a failure to avoid it constitutes a deviation from the standard of care that a reasonable person would observe in the situation.

AS 28.35.045(a). In addition to requiring proof of negligence, however, the negligent driving statute requires proof of another element: that a person or property was actually endangered by the conduct of the accused. For purposes of this requirement, endangerment of a person or property includes the defendant and the defendant's property. *Id.*

In context, the reason for inclusion of an actual endangerment requirement in the negligent driving provision is obvious: be-

---

**8.** The full text of AS 28.35.040 is as follows:

(a) A person who drives a motor vehicle in the state in a manner which creates a substantial and unjustifiable risk of harm to a person or to property is guilty of reckless driving. A substantial and unjustifiable risk is a risk of such a nature and degree that the conscious disregard of it or a failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

(b) A person convicted of reckless driving is guilty of a misdemeanor and is punishable by a fine of not more than $1,000 or by imprisonment for not more than one year or by both.

(c) Lawfully conducted automobile, snowmobile, motorcycle or other motor vehicle racing or exhibition events are not subject to the provisions of this section.

**9.** The text of AS 28.35.045 is as follows:

(a) A person who drives a motor vehicle in the state in a manner which creates an unjustifiable risk of harm to a person or to property and who, as a result of the creation of the risk, actually endangers a person or property is guilty of negligent driving. An unjustifiable risk is a risk of such a nature and degree that a failure to avoid it constitutes a deviation from the standard of care that a reasonable person would observe in the situation. Proof that a defendant actually endangered a person or property is established by showing that, as a result of the defendant's driving,

(1) an accident occurred;

(2) a person, including the defendant, took evasive action to avoid an accident;

(3) a person, including the defendant, stopped or slowed down suddenly to avoid an accident; or

(4) a person or property, including the defendant or the defendant's property, was otherwise endangered.

(b) The offense of negligent driving is a lesser offense than, and included in, the offense of reckless driving, and a person charged with reckless driving may be convicted of the lesser offense of negligent driving.

(c) A person convicted of negligent driving is guilty of an infraction as provided under AS 28.40.050....

(d) Lawfully conducted automobile, snowmobile, motorcycle or other motor vehicle racing or exhibition events are not subject to the provisions of this section.

cause the statutory definition of negligence incorporates the same standard of ordinary care used in cases of civil negligence, the added requirement of actual endangerment is necessary to protect against the possibility that a prosecution for negligent driving —a relatively serious infraction—might be based merely upon commission of some less serious traffic offense. Without the actual endangerment requirement, for example, a driver who exceeded the speed limit by five miles per hour on an empty stretch of highway would be subject to prosecution and conviction for negligent driving.[10]

Although the dissenting opinion attempts to engraft the "actual endangerment" requirement of the negligent driving statute onto the reckless driving provision that precedes it, the attempt is strained and cannot withstand scrutiny. While inclusion of the actual endangerment requirement in the negligent driving statute is dictated by that statute's reliance on the civil standard of ordinary care, no similar rationale justifies tacking a parallel requirement onto the reckless driving provision. To do so would be senseless. And in fact the legislature did not do so. Alaska's reckless driving prohibition is set out in a separate statutory provision from the negligent driving statute, and its clear and unambiguous language omits all reference to the need for proof of actual endangerment. The trial court did not construe the reckless driving provision to include an added requirement of actual endangerment, and the state has never suggested such a novel interpretation.[11]

As justification for reading into the reckless driving statute a requirement which is plainly not there, the dissenting opinion points to the language of the negligent driving statute that expressly makes negligent driving a lesser-included offense of reckless driving. AS 28.35.045(b) provides:

> The offense of negligent driving is a lesser offense than, and included in, the offense of reckless driving, and a person charged with reckless driving may be convicted of the lesser offense of negligent driving.

The dissent reasons that, unless the actual endangerment requirement is read into the reckless driving statute, negligent driving would not be a true lesser-included offense of reckless driving. And so, the dissent decides that the extra requirement must be added to the reckless driving statute. *See* dissenting opinion, footnote 6.

This reasoning is a case of the tail wagging the dog. The legislature's apparent reason for including express lesser-included offense language in the negligent driving statute was precisely that this language was necessary because the statute, as written, was not a true lesser-included offense of the reckless driving statute. Although Alaska's criminal and motor vehicle codes establish a myriad of true greater offense/lesser-included offense combinations, we are aware of no other instance in which the legislature has chosen to include a comparable provision expressly designating one offense as a lesser-included offense of

---

**10.** This is because violation of a traffic regulation may constitute negligence *per se. See Ferrell v. Baxter,* 484 P.2d 250, 263 (Alaska 1971).

**11.** In fact, the state does not seriously contend that Comeau could have committed DWI without also committing reckless driving. The state's primary argument in support of the trial court's rejection of a lesser-included offense instruction is its claim that there is no inherent relationship between DWI and reckless driving—that they are fundamentally different crimes and therefore not subject to treatment as greater and lesser offenses. *See Reynolds v. State,* 706 P.2d 708, 711 (Alaska App.1985); *see also Moore v. State,* 740 P.2d 472, 475 (Alaska App.1987). This argument is simply mistaken. The reckless driving statute seeks to protect society from damage inflicted to persons and property by a broad range of motorists who drive recklessly. The DWI statute protects against precisely the same social harm, but singles out a particularly dangerous subclass of reckless driver for more severe treatment. Far from being unrelated, the two offenses appear to be closely and inherently related as to their basic social purpose and the nature of the conduct they proscribe. The present case does not require us to determine whether and to what extent DWI may itself, under some circumstances, be a lesser-included offense of other crimes, such as manslaughter or assault. We express no opinion on the issue, since it is not raised in the case.

another. This is a telling indication of the legislature's recognition that express lesser-included offense language is simply unnecessary when one offense is a true lesser-included offense of another. The legislature could easily have included an express actual endangerment requirement in the reckless driving statute had it wanted one. The fact that it did not further serves to establish that the lesser-included offense language in the negligent driving statute was motivated by the legislature's desire to specify a lesser-included offense where one would otherwise not have existed.[12]

In summary, we conclude that, under the cognate approach, reckless driving and negligent driving were lesser-included offenses of DWI in the present case. Because the issue of Comeau's intoxication was in dispute, and because the state presented evidence from which the jury could have found Comeau guilty of reckless driving or negligent driving even if it acquitted him of DWI, the trial court erred in refusing Comeau's request for an instruction on these lesser-included offenses.[13]

The conviction is REVERSED.

COATS, Judge, concurring.

The question of whether reckless driving is a lesser-included offense of driving while intoxicated (DWI) is perplexing. Driving while intoxicated involves driving while impaired by the consumption of alcohol.[1] To show impairment, the prosecution need not demonstrate that the defendant drove recklessly in any way other than inappropriately consuming alcohol and driving. The fact that the defendant caused an accident, ran a red light, or otherwise drove in a reckless manner may be evidence that the defendant was impaired, but such instances are not necessary in order to sustain a DWI conviction. Thus, it was possible for the

---

**12.** Even if the dissenting opinion's interpretation of the reckless driving statute were correct, it would not support the ultimate conclusion the dissent reaches in this case. The dissent relies on the finding that actual endangerment is a necessary ingredient of reckless driving in order to support its conclusion that, if Comeau did not cause the accident, he might have been guilty of DWI without also being guilty of reckless driving. The dissent reasons that, unless Comeau was responsible for the accident, his driving did not result in actual endangerment to persons or property. This reasoning is incorrect. As already pointed out, if Comeau drove while actually impaired by alcohol, he acted recklessly. Because it is undisputed that Comeau drove on a public roadway in the presence of other traffic and actually became involved in an accident, the risk he created by his recklessness unquestionably resulted in actual endangerment to persons or property, even if he was not responsible for the accident. Thus, even accepting *arguendo* the dissenting opinion's interpretation of AS 28.35.040, under the undisputed evidence in this case, a finding that Comeau engaged in drunken driving would necessarily lead not only to the conclusion that he drove recklessly but also to the further conclusion that his recklessness resulted in actual endangerment to persons or property. The dissent's suggestion that a person can somehow be only "minimally impaired" by consumption of alcohol and therefore be technically guilty of DWI without posing any substantial and unjustifiable risk of harm is squarely contradicted by the holding in *Lupro.* For if the supreme court had believed that a driver who was impaired by alcohol could conceivably drive without creating an actual risk, the court would not have held, as it did in *Lupro,* that DWI is *per se* reckless.

**13.** Our conclusion flows from a straightforward application of Criminal Rule 31(c) and the cognate approach. Contrary to the assertion of the dissenting opinion, we neither expand the cognate approach nor apply the "lesser related offense" doctrine. We are aware that our conclusion is contrary to that reached by the courts of many other jurisdictions. *See generally,* Annotation, *Reckless Driving As Lesser Included Offense of Driving While Intoxicated or Similar Charge,* 10 A.L.R. 4th 1252 (1981 & Supp.1987). To a certain extent the difference in result may be explained by differences between the statutes governing DWI and reckless driving in Alaska and other states. To a far greater extent, however, our departure from the case law of other jurisdictions has been compelled by Alaska's adherence to the cognate approach and by the Alaska Supreme Court's decision in *Lupro,* which unequivocally holds that an intoxicated driver is a reckless driver.

**1.** This case was tried on the theory that Comeau drove while he was "under the influence of intoxicating liquor." AS 28.35.030(a)(1). A person may also be convicted of DWI if he drives with a blood alcohol level of .10 or greater. AS 28.35.030(a)(2). This latter theory represents a legislative determination that a person driving with that blood alcohol level is driving a motor vehicle while intoxicated and the state does not have to prove actual impairment in order to obtain a conviction.

jury to have concluded in this case that the defendant was guilty of DWI, but not guilty of causing the accident in which he was involved. In order words, the defendant's driving, aside from his intoxication, may have been perfect.

Examined one way, reckless driving may be seen as a different kind of offense than DWI. Reckless driving involves such things as running red lights, speeding, and causing accidents. It involves bad and heedless driving. It is therefore a much broader category of reckless behavior.

Driving while intoxicated, on the other hand, does not necessarily involve physical acts which constitute bad driving. Primarily, DWI involves driving while impaired by alcohol. Seen in this way, reckless driving is not a lesser-included offense of driving while intoxicated. The offenses involve very different kinds of recklessness, and the defendant can be viewed as committing two separate reckless acts.

There is, of course, another way to look at these offenses. A person who drives in traffic while intoxicated can certainly be said to be driving recklessly, and the majority opinion argues that the appellate courts of this state have so held.[2] It may not make much sense to try to separate the recklessness involved in DWI from other acts which could constitute reckless driving which led to an accident. Thus, viewed in this fashion, under the cognate approach, reckless driving can be a lesser-included offense of driving while intoxicated. *See Elisovsky v. State,* 592 P.2d 1221, 1225–26 (Alaska 1979) (careless use of firearms may be a lesser-included offense of assault with a dangerous weapon under the cognate approach even though the assault with a dangerous weapon statute reaches many kinds of assaults which would not constitute careless use of firearms).

The Alaska Supreme Court has required instruction on lesser-included offenses where the defendant requests an instruction. *Id.* at 1226. The policy is to allow the jury to convict on a lesser offense rather than forcing the jury to choose between convicting the defendant of the greater offense or acquitting the defendant altogether. In the instant case, Comeau wanted to give the jury the option of finding him not guilty of DWI, but finding him guilty of reckless driving in causing the accident. It seems to me that he should have had this right. If the jurors in this case felt that Comeau had recklessly caused the accident, they might have been more reluctant to acquit him of DWI if they felt that in doing so they had to acquit him altogether, rather than having the option to convict him of reckless driving alone. By allowing Comeau a lesser-included offense in this case, we give the defendant every opportunity to prevail if he can establish a reasonable doubt as to his guilt of DWI. Accordingly, I join in the decision to reverse this case.[3]

SINGLETON, Judge, dissenting.

Comeau was prosecuted for driving while intoxicated on a single theory, that his driving was impaired by the consumption of alcohol. Consequently, this case will have little effect as a precedent.[1] Nevertheless,

2. By asking for the lesser-included instruction on reckless driving, the defendant was conceding that if he was guilty of DWI, then he was guilty of reckless driving as well.

3. Our decision in this case only applies to cases where the defendant is charged with driving under the influence of intoxicating liquor. AS 28.33.030(a)(1). It seems to me, however, that if our decision is correct that reckless driving is a lesser-included offense of DWI under AS 28.-35.030(a)(1), then reckless driving may also be a lesser-included offense under AS 28.35.030(a)(2) (driving with a blood alcohol reading of .10 or higher). It can be argued that the legislature has concluded that a person driving with a blood alcohol level of .10 or higher is "im-

paired." Therefore, AS 28.35.030(a)(1) and AS 28.35.030(a)(2) are the same offense. As a result, I would encourage trial courts to give an instruction on reckless driving when it is requested in DWI cases, and when it would be rational for the jury to acquit on driving while intoxicated but convict on reckless driving. That appears to me to be the safest, least complicated, and fairest course of action until this issue is ultimately resolved.

1. The state apparently did not seek instructions on the alternate theory in the complaint that Comeau was driving with a prohibited blood alcohol level, nor did it take advantage of the statutory presumption or, stated more accurate-

it seems to me that even in this peculiar case, reckless driving is not a lesser-included offense of driving while intoxicated. The majority's decision resurrects the related offense doctrine rejected in *State v. Minano*, 710 P.2d 1013, 1016 (Alaska 1985). Its conclusions are therefore problematic. I am fortified in this belief by the fact that every jurisdiction that has considered the issue has held that reckless driving is not a lesser-included offense of driving while intoxicated. *See, e.g., State v. Mourning*, 233 Kan. 678, 664 P.2d 857 (1983); *Ratliff v. Commonwealth*, 719 S.W.2d 445 (Ky. App.1986); *State v. Redfearn*, 504 So.2d 1005 (La.App.1987); *State v. Fennell*, 263 S.C. 216, 209 S.E.2d 433 (1974); *City of Bellevue v. Redlack*, 40 Wash.App. 689, 700 P.2d 363 (1985); *People v. Schumacher*, 194 Cal.App.2d 335, 14 Cal.Rptr. 924 (1961). *See also* Annotation: *Reckless Driving as Lesser Included Offense of Driving While Intoxicated or Similar Charge*, 10 ALR 4th 1252 (1981 & Supp. 1987).[2]

An offense is necessarily included in the charged offense if it is impossible to commit the offense charged without also committing the lesser offense. *Giles v. United States*, 144 F.2d 860, 861 (9th Cir.1944); *Elisovsky v. State*, 592 P.2d 1221, 1225–26 (Alaska 1979); *Christie v. State*, 580 P.2d 310, 316–20 (Alaska 1978); *Jennings v. State*, 404 P.2d 652, 655 (Alaska 1965). There must also be an element which distinguishes the greater from the lesser offense that is in serious dispute between the parties so that a jury acting rationally could convict the defendant of the lesser offense but acquit of the greater offense. *Norbert v. State*, 718 P.2d 160 (Alaska App.1986). In other words, the two offenses must have common elements and at least one distinguishing element which is actually disputed by the parties.

As the supreme court held in *Minano:*

Criminal Rule 31(c) allows the jury to find a defendant guilty of a lesser offense if all of the elements of the offense charged are not proven. However, the rule requires that the lesser offense must be one "necessarily included in the offense charged." Whether the lesser offense is necessarily included is to be viewed from the perspective of the facts charged in the indictment, in light of the evidence actually presented.

710 P.2d at 1016 (citations omitted).[3]

If the grand jury, and later the trial jury, must find all of the elements of one offense plus something more in order to convict the

ly, statutory inference that one who drives with a certain blood alcohol level is impaired. *See,* A.R.E. 303(a)(1); *Kalmakoff v. Anchorage*, 715 P.2d 261, 262–63 n. 2 (Alaska App.1986). Instead, the state elected to show, probably by reference to the accident, that Comeau was impaired as a matter of fact. The state will rarely be willing to put all of its eggs in a single basket; consequently, it is unlikely that this case will have much precedential effect in determining whether, in the ordinary case, a person charged with driving while intoxicated is entitled to lesser-included offense instructions on reckless and negligent driving. The precedential effect of this case is further weakened by the concurring opinion. It is possible of course, that the state will not seek a hearing in this case, or that a hearing, if requested, will be denied. Consequently, I would agree with the concurrence that prudence might well lead trial courts to automatically treat reckless and negligent driving as a lesser offenses to DWI where the state offers evidence of poor driving to bolster its case.

2. Of course it is possible that our court is correct and all the other courts in error, but a unique position should require greater justification than one in the mainstream of reported decisions and explain in some detail why the majority rule is unpersuasive. It is insufficient to rely, as the majority does, on the distinction between the cognate and statutory elements theories of lesser-included offenses, inasmuch as at least one jurisdiction rejecting the majority's position, *i.e.*, California, also employs the cognate approach. *See People v. Geiger*, 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303 (Cal.1984) (approving the use of the lesser-related offense instruction at defendant's request).

3. All of the offenses being considered in this case are misdemeanors. Under Alaska law, it is not necessary that a lesser offense have a lesser penalty than a greater offense to be a lesser-included offense. *Nicholson v. State*, 656 P.2d 1209, 1212 (Alaska App.1982) (adjective "lesser" in Criminal Rule 31(c) refers to relations between elements of an offense, not the relation between their penalties). *But see Christie v. State*, 580 P.2d 310, 317 (Alaska 1978); *James v. United States*, 16 Alaska 513, 238 F.2d 681 (9th Cir.1956) (applying Alaska law).

defendant of the charged offense, then the former is a "lesser" offense and the latter a "greater." To comply with Criminal Rule 31(c), the jury must be required to actually consider and decide the uncharged offense for it to be a "lesser" offense.[4] The cognate theory does not change this requirement, it merely shifts the focus from the elements contained in the statutes being compared to the elements which the state has undertaken to prove in its charging document and to support with evidence at trial. Under the cognate approach, the jury must be required to find the elements necessary for conviction of the lesser offense in order to convict the defendant of the greater offense under the theory pursued by the state at trial. To see how this works in practice, it is useful to examine the seminal cognate theory cases: *Paterno v. Lyons*, 334 U.S. 314, 320–22, 68 S.Ct. 1044, 1047–48, 92 L.Ed. 1409 (1948), *United States v. Whitaker*, 447 F.2d 314, 319 (D.C. Cir.1971), and *Elisovsky v. State*, 592 P.2d at 1225–26.

In *Paterno*, the defendant was indicted for "buying, receiving, concealing, and withholding property knowing it to be stolen." He was permitted to plead to attempted larceny on the theory that he attempted to intentionally deprive another of property by withholding it. Paterno later challenged his conviction arguing that attempted larceny was not a lesser-included offense of concealing stolen property, apparently on the theory that the indictment did not inform him of the lesser charge. 334 U.S. at 320–22, 68 S.Ct. at 1047–48.

The court looked to the theory under which Paterno was prosecuted and concluded, in effect, that he could not have been convicted of the elements of the charged offense without being found guilty of the elements of the offense to which he pled.

In *Whitaker*, the defendant was charged with burglary on the theory that he unlawfully entered a building with the intent to steal. His request for a lesser-included offense instruction on unlawful entry was denied on the theory that it was theoretically possible to be convicted of burglary without being guilty of unlawful entry, *i.e.*, on a theory of *trespass ab initio*. The court reversed, adopting the "cognate theory" and holding that Whitaker had been indicted on the theory of unlawful entry, not *trespass ab initio*. The court stressed that "the 'trier of fact necessarily found every fact [*i.e.*, every element] required for conviction' of the lesser-included offense" when it found the greater. 447 F.2d at 322. The court cautioned, however:

[D]efendant is entitled to invoke Rule 31(c) when a lesser offense is established by the evidence adduced at trial in proof of the greater offense, with the caveat that there must also be an "inherent" relationship between the greater and lesser offenses, *i.e.*, they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the

4. In *Elisovsky*, the court said:
Two theories have developed defining when an offense is "necessarily included" in another offense. Under the "statutory elements" analysis, if it is possible to commit the greater offense under the statute without first having committed the lesser offense, an instruction on the lesser offense is not required. Under that theory, the offense of assault with a dangerous weapon could be committed with the use of weapons other than a firearm. Thus, the elements of careless use of a firearm would not necessarily be included in all of the means by which assault with a dangerous weapon could be committed. We note, however, that Criminal Rule 31(c) refers to "the offense charged," not the statute under which the offense is charged.

The judicial constructions which have attempted to remedy the defects of the statutory approach have come to be called the "cognate approach." This approach focuses closely on the facts charged in the indictment to determine whether the defendant had actual notice of possible lesser included offenses. At least one court has found the cognate approach "[a] more natural, realistic and sound interpretation of 'lesser included offense,' " where the statutory analysis is found to be inadequate.

Of course, when the statutory offense necessarily includes all the elements of the lesser offense, the distinction does not arise.
592 P.2d at 1225–26 (footnotes and citations omitted).

greater offense. This latter stipulation is prudently required to foreclose a tendency which might otherwise develop towards misuse by the defense of such rule. In the absence of such restraint defense counsel might be tempted to press the jury for leniency by requesting lesser included offense instructions on every lesser crime that could arguably be made out from any evidence that happened to be introduced at trial. "An element of the mercy-dispensing power is doubtless inherent in the jury system, and may well be a reason why a defendant seeks a lesser included offense instruction, but it is not by itself a permissible basis to justify such an instruction."

447 F.2d at 319 (footnotes omitted).

In *Elisovsky*, the defendant was charged with assault with a dangerous weapon on the theory that he threatened a police officer with a rifle. He was denied a lesser-included offense instruction on careless use of firearms because it was theoretically possible to assault someone with a dangerous weapon that was not a firearm. Noting that Elisovsky was prosecuted on the theory that he used a firearm, the court reversed. 592 P.2d at 1226.

These three cases point out the distinction between the cognate theory and the statutory elements theory of lesser-included offenses. If the greater offense may be committed in a number of ways, some but not all of which, have elements common to the lesser offense, a lesser-included offense instruction is not required under the statutory elements theory. In contrast, an instruction may be warranted under the cognate theory if under the theory of the prosecution it is impossible for the jury to convict of the greater offense without finding all of the elements necessary for conviction of the lesser.[5]

When the evidence used to prove the greater offense would permit, but not require, a finding of the elements necessary to convict of the lesser offense, neither the cognate theory nor the statutory elements theory requires a lesser-offense instruction. To prevail in such a case, the defendant must persuade the court to adopt the related offense theory. *See People v. Geiger*, 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303, 1315–16 (1984).

Viewed in this light, it should be clear that in this case the theory of the prosecution did not require the jury to expressly find that Comeau drove recklessly, *i.e.*, the jury was not instructed that it had to find that Comeau actually created a substantial and unjustifiable risk of injury to others in order to convict him of driving while intoxicated. In order to convict Comeau of reck-

---

**5.** In all of the cases distinguishing the cognate and statutory element theories, it was possible to commit the greater offense in a number of ways, some of which had more than one element which distinguished the greater from the proferred lesser offense. In such cases, there was only one way of committing the lesser offense. Here, there are arguably two ways of committing reckless driving. In the majority's view, a person would be driving recklessly: (1) if he drove under the influence of alcohol or, (2) if without drinking, his driving, nevertheless, created "a substantial and unjustifiable risk of harm to a person or property." Under the first theory, reckless driving and drunk driving merge since it would be impossible to commit the lesser without also committing the greater inasmuch as both involve drunk driving and nothing more. I do not understand the majority opinion to contend that in any case where two statutes prescribe the same conduct but have different penalties and the state charges under the statute with the greater penalty, the defendant is entitled to an instruction under the statute having the lesser penalty, since juries do not determine penalties and there would be no other rational basis for the jury to distinguish between the two offenses. *Cf. Hart v. State*, 702 P.2d 651, 659–63 (Alaska App.1985) (Alaska and federal constitutions do not preclude conviction of a class A felony, if the same conduct under the same circumstances could have resulted in conviction of a class B felony). The majority must therefore depend upon the second theory of reckless driving which requires the jury to find that the defendant was not drinking but that his conduct, nevertheless, presented "a substantial and unjustifiable risk of harm to a person or property." There is no explanation of how this alternate theory of reckless driving is necessarily included in driving while intoxicated in the majority opinion. *See Minano*, 710 P.2d at 1016.

less driving, the jury would have to make this finding. *See* AS 28.35.040.

In contrast, AS 28.35.030(a)(1) prohibits, *inter alia* operating or driving a motor vehicle while under the influence of intoxicating liquor. There is no mention in AS 28.35.030(a)(1) of any risk of injury to others. The phrase "driving under the influence of intoxicating liquor" is not further defined in the statute. In this case, the trial court elected to go beyond the express language of the statute and told the jury "when [a person] has consumed alcohol to such an extent as to impair his ability to operate a motor vehicle ... [and the alcohol consumed] adversely affected and noticeably impaired his actions ... and deprived him of that clearness of intellect and control of himself which he would otherwise have possessed," he is driving under the influence. Assuming that this gloss is accurate, and that the jury was required to make this finding in order to convict Comeau of DWI, the instruction still does not include a necessary element of statutory recklessness that the defendant "actually created a substantial and unjustifiable risk of injury to others." Thus, the jury in this case could have properly convicted Comeau of DWI without making the express finding required to convict him of reckless or negligent driving. Consequently, under the court's instruction explaining what the state had to prove under its theory of the case, neither reckless driving nor negligent driving were lesser-included offenses of DWI.[6] Consequently, Comeau was not en-

titled to instructions on reckless and negligent driving.

There are additional problems with the majority's analysis. It seems clear that a jury would not be acting irrationally if it concluded that Comeau had consumed alcohol to the extent that his ability to operate a motor vehicle was sufficiently impaired without necessarily finding that he drove a motor vehicle in such a way as to create a substantial and unjustifiable risk of harm to a specific person or to specific property. It is important to stress that the impairment required for driving under the influence is not of any particular degree. So long as the driver's ability to operate his vehicle is affected in any way, he is guilty of driving under the influence. *See State v. Myers*, 88 N.M. 16, 536 P.2d 280, 283 (1975). The majority confuses a *prima facie* case with the necessary jury finding required to establish a greater and lesser offense relationship under the cognate theory. It is probably true that a jury could always infer reckless or negligent driving from intoxicated driving so that a directed judgment of acquittal would be inappropriate. Nevertheless, the jury is not required to make such an inference and would not be acting irrationally if it refused to do so in the absence of evidence that the specific level of intoxication caused the defendant to present a substantial and unjustifiable risk to other drivers. The legislature has not defined reckless driving to include intoxicated driving or cross-referenced the two statutes in any way. Although the majority concludes that a jury should

---

**6.** My disagreement with the position taken by the majority has nothing to do with the doctrine of nullification, nor does it depend on the jury's confusion about its proper task.

In my view, the majority opinion misconstrues the cognate theory. The decision rests on a presumed equivalency between driving while impaired by alcohol and creating an unjustifiable risk of injury to others. Thus, according to the majority opinion, anytime a jury finds impairment, it must necessarily find recklessness (or perhaps more accurately that the two findings are somehow synonymous). Assuming this is true, it still does not satisfy the cognate theory unless the jury is expressly required to make the second finding.

Here, the jury was never asked to find that Comeau endangered anyone as a prerequisite to

finding that he drove under the influence. In contrast, a jury must expressly find "unlawful entry" to convict of burglary under the prosecution theory in *Whitaker* and would have had to find unlawful withholding in order to convict of attempted larceny under the prosecution theory in *Paterno*. When the *Whitaker* court required an "inherent relationship" between two offenses in order to satisfy the cognate theory, it was not referring to the fact that both "unlawful entry" and "burglary" protected similar societal interests. In context, it was referring to the fact that burglary will almost always involve an unlawful entry and only rarely be provable without it. In contrast, a jury will virtually never be required to expressly find reckless driving in order to convict of DWI.

equate drunken driving with reckless driving, there is no statutory compulsion that it do so.[7]

The analysis in the majority opinion suffers another logical flaw. As we have seen, a greater and a lesser offense must have common elements and at least one controverted distinguishing element. Arguably, reckless driving is the common element and intoxication is the distinguishing element between driving while intoxicated and reckless driving. But according to the majority opinion, driving under the influence, i.e., driving impaired by alcohol, is both the common element and the distinguishing element. If the jury must find intoxication causing impaired driving in order to find reckless driving, then that element cannot distinguish between the two offenses. See Kalmakoff, 715 P.2d at 263. Alternatively, if the jury must find "reckless driving" independent of intoxication to convict of the lesser offense, then that element is not common to the two offenses because the jury need not find recklessness plus intoxication to have convicted Comeau of driving while intoxicated.[8]

Finally, I do not believe that there was sufficient evidence of reckless driving apart from intoxication to go to the jury on that offense. The majority opinion correct-

ly states that the state used evidence of the accident plus evidence of the intoxication to prove impaired driving. It would not appear that the accident alone would have sustained a finding of recklessness as opposed to simple negligence. A fortiori, it would not appear that a jury could convict of reckless driving if it ignored both the intoxication and the accident.

Under the facts of this case, driving under the influence and reckless driving are related offenses, not a greater and a lesser. The trial court did not err in declining to instruct on reckless driving in this case. Minano, 710 P.2d at 1016.

The majority opinion, implicitly, and the concurring opinion, explicitly, express concern that juries will not perform their duty to acquit a defendant who has been drinking and engages in questionable driving even if the jury has a reasonable doubt that he is driving under the influence of alcohol. This fear is most pronounced when the driving results in an accident. To diminish this fear, the majority wishes to give the jury an alternate to a complete acquittal, i.e., a guilty verdict for another offense, preferably one which does not have a mandatory minimum penalty. Similar concerns led the California Supreme Court to adopt the lesser related offense doctrine in Geiger, 35 Cal.3d 510, 199

---

7. It seems clear that by prohibiting driving under the influence of alcohol and defining that offense to include the slightest degree of impairment, the legislature sought to permit prosecutions of individuals before they became reckless and created an unusual and imminent specific risk to some other person including themselves. The legislature has made this clear by requiring actual endangerment for a conviction of negligent driving but imposing no such requirement for a conviction of driving under the influence. It seems equally clear that the legislature intended to incorporate this requirement into reckless driving as well. If negligent driving requires that a specific person or property be endangered, but reckless driving could be proved by showing a more generalized risk, then negligent driving would not be a lesser-included offense of reckless driving since it would be possible to be convicted of reckless driving but acquitted of negligent driving. See Minano, 710 P.2d at 1016.

The majority opinion counters that the legislature intended to modify the definition of lesser-included offenses contained in Criminal Rule 31(c) by making negligent driving a lesser-in-

cluded offense of reckless driving even though it would not otherwise comply with Criminal Rule 31(c). The legislature cannot constitutionally do this without complying with certain requirements, and it does not appear that the statute satisfied the requirement for changing a court rule. See Alaska Const. art. 4, § 15 (establishing supreme court's rule-making power). While the power to create substantive rights is legislative, the authority to change court rules, i.e., to enact procedures to implement those rights, is judicial. Thomas v. State, 566 P.2d 630 (Alaska 1977). Since we should interpret statutes to preserve their constitutionality, it seems more reasonable to interpret the statute in the way I have done, i.e., as intended to affect substance rather than procedure, than in the manner suggested by the majority. There is no suggestion that the statute in question was specifically intended to change Rule 31(c). See Leege v. Martin, 379 P.2d 447 (Alaska 1963) (setting out prerequisites for legislative modification of court rules).

8. This is the theme of this dissent. See n. 5, supra.

Cal.Rptr. 45, 674 P.2d at 1316 n. 12. We followed *Geiger* in *Minano v. State*, 690 P.2d at 33 (Alaska App.1985). The supreme court reversed, however. *State v. Minano*, 710 P.2d at 1016.

Today's decision repudiates the supreme court's decision in *Minano* and reverts to *Geiger.* A proper appreciation of our status in an hierarchical court system should preclude this result.

I would affirm the judgment of the district court.