NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

BELINDA DANICE NELSON,

    Appellant/Cross-Appellee,

v.

STATE OF ALASKA,

    Appellee/Cross-Appellant.

Court of Appeals Nos. A-13008 & A-13014
Trial Court No. 1KE-17-00024 CR

O P I N I O N

No. 2721 — February 18, 2022

Appeal from the District Court, First Judicial District, Ketchikan, Kevin G. Miller, Judge.

Appearances: Emily L. Jura, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Appellant/Cross-Appellee. Michal Stryszak, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee/Cross-Appellant.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG.

Belinda Danice Nelson was charged with driving under the influence and refusal to submit to a chemical test after she drove her car into a ditch in Metlakatla. At her bench trial, Nelson argued that the government violated her right to due process by

failing to advise her of her right to an independent chemical test. She further argued that, as a result of this violation, the district court was required to presume that an independent test would have revealed either no alcohol or a low level of alcohol in her blood.

The State did not dispute, and the court agreed, that Nelson's right to due process was violated by the failure to advise her of her right to an independent chemical test. But the court concluded that the proper remedy for this violation was to presume only that the result of the test would have been below .08 percent. The court ultimately found Nelson guilty of driving under the influence, but acquitted her of refusal to submit to a chemical test.

Nelson now appeals her conviction, primarily challenging the district court's ruling regarding the applicable presumption.

For the reasons we explain in this opinion, we agree that the presumption adopted by the district court was insufficiently favorable to Nelson, and we reverse her conviction for driving under the influence.

*Factual and procedural background*

In the fall of 2016, Nelson crashed her car into a ditch in Metlakatla. Metlakatla Police Chief Bruce Janes responded to the scene. Upon arrival, Janes observed Nelson unsuccessfully attempting to drive her car out of the ditch. According to Janes, Nelson was uncooperative, initially refused to get out of her car, and later refused to perform field sobriety tests. He also testified that her breath smelled of alcohol, and she staggered when she tried to walk.

Janes arrested Nelson for driving under the influence.

At the police station, Janes asked Nelson if she would submit to a breath test, but Nelson remained silent. Janes did not notify Nelson of her right to an independent chemical test.[1] No breath or blood test was ever conducted.

Nelson was charged with driving under the influence under AS 28.35.030(a)(1).[2] Under this portion of the statute, the government is not required to prove that the defendant's blood or breath alcohol content was at a particular level as determined by a chemical test. Instead, the government must prove that the defendant was "actually impaired" by the consumption of alcohol (or a controlled substance).[3] In this type of case, however, evidence of a defendant's blood or breath alcohol content as determined by a chemical test may be relevant to determining whether the defendant was impaired.[4]

Nelson waived her right to a jury trial, and her case proceeded to a bench trial. Nelson testified in her own defense. She testified that she had been having car problems, which contributed to her driving into the ditch. She denied drinking any

---

[1] *See* AS 28.35.033(e) (codifying right to independent chemical test); *Gundersen v. Anchorage*, 792 P.2d 673, 676-77 (Alaska 1990) (holding that the Alaska due process clause requires that a defendant accused of driving under the influence be given an opportunity to challenge the reliability of the police-administered breath test, and that notice of the right to obtain an independent chemical test, and assistance in obtaining that test, satisfies that right).

[2] Nelson was also charged with refusal to submit to a chemical test under AS 28.35.032(a). The trial court acquitted her of that charge, finding that there was a reasonable doubt as to whether Nelson knowingly refused to submit to the test.

[3] *See Comeau v. State*, 758 P.2d 108, 110 (Alaska App. 1988); *Anderson v. Anchorage*, 645 P.2d 205, 212 (Alaska App. 1982).

[4] *See* AS 28.35.033(a) (establishing presumptions for whether a vehicle operator was under the influence based on specific ranges of chemical test results); *see also Anderson*, 645 P.2d at 212 (discussing former version of statute).

alcohol that day. She also testified that Janes became combative with her before she had the opportunity to cooperate.

After the State rested its case, Nelson's attorney argued that Janes's failure to advise Nelson of her right to an independent test violated her right to due process under the Alaska Constitution. Citing the Alaska Supreme Court's decision in *Snyder v. State*, Nelson's attorney asked the court to presume that the result of an independent test, had one been conducted, would have been favorable to Nelson.[5] More specifically, Nelson's attorney asked the court to presume that an independent test would have revealed that Nelson "had no alcohol in her system or, at the very least, that it was so low that she was not impaired by it."

The State did not dispute that Nelson's due process rights were violated. But the State did challenge Nelson's proposed remedy. The State argued that it was sufficient for the court to presume that an independent test would have revealed a blood alcohol level below .08 percent.

The district court concluded that a due process violation had occurred but agreed with the State as to the appropriate remedy. In particular, the court stated that it was "assuming that, had Ms. Nelson submitted to a test, it would have been below .08," but that it was "not presuming that it was .000."

The court ultimately found Nelson guilty of driving under the influence. The court acknowledged that Nelson had testified that she had not had anything to drink and that the accident had been caused by mechanical problems. But the court found that

---

[5]   *See Snyder v. State* (*Snyder I*), 930 P.2d 1274, 1278-79 (Alaska 1996) (holding that the police must afford the defendant an opportunity to obtain an independent test, even when the defendant refuses to take the statutorily prescribed test, and that the remedy for violating this requirement under those circumstances is for the fact-finder to presume that the results of an independent test would have been "favorable" to the defendant).

Nelson's testimony was not credible. Instead, the court credited Janes's testimony (and the testimony of an additional witness on the scene) that Nelson smelled of alcohol and was unable to stand on her own.

>*Why we reject the State's request to affirm Nelson's conviction on the ground that her due process rights were not violated*

We must first address a preliminary claim that is raised by the State in a cross-appeal: that although *Snyder* generally requires the police to offer an independent chemical test to a person arrested for driving under the influence, Nelson's case falls into an exception and therefore no due process violation occurred.[6] In particular, relying on Janes's testimony about the unavailability of independent tests in Metlakatla and the difficulty of traveling to Ketchikan given the time of Nelson's arrest relative to the flight and ferry transport times, the State contends that obtaining an independent test would have been impracticable in this case. The State therefore argues that there was no need for a favorable presumption of any kind and that we can affirm Nelson's conviction on this alternate ground.

It is true that, under *Snyder*, an independent test is not constitutionally required "if obtaining an independent test is impracticable or exceedingly burdensome" under the circumstances.[7] But the State never argued in the trial court that it would have been impracticable or burdensome to obtain an independent test in this case. Indeed, the

---

[6] The State raises this claim in a cross-appeal, although strictly speaking, a cross-appeal as to this issue was unnecessary because the State, as the appellee, may argue for affirmance on any ground established by the record. *See Millman v. State*, 841 P.2d 190, 195 (Alaska App. 1992). (We note that a cross-appeal was necessary as to a different claim initially raised by the State — that the trial court erred in dismissing the refusal charge — but the State did not pursue that issue in its briefing.)

[7] *Snyder I*, 930 P.2d at 1278.

State did not dispute that the failure to offer Nelson an independent test violated her right to due process.

As a result, the district court never made any factual findings as to whether an independent test would have been impracticable or exceedingly burdensome given the time and place of Nelson's arrest. And as an appellate court, we are not authorized to make factual findings in the first instance. Given the absence of the factual findings that would be necessary to decide this claim, we reject the State's request to affirm the court's decision on this alternate ground.[8]

### *Why we agree with Nelson that the presumption adopted by the district court was insufficiently favorable*

On appeal, Nelson argues that the district court erred when it presumed only that the result of an independent chemical test would have been below .08 percent. Citing *Snyder* and AS 28.35.033(a), Nelson argues that the court was required to presume that the result would have been below .04 percent.

---

[8] *See Seybert v. Alsworth*, 367 P.3d 32, 38-39 (Alaska 2016) ("[W]e will affirm on independent grounds not relied on by the superior court only when those grounds are established by the record as a matter of law."); *Irby v. Fairbanks Gold Mining, Inc.*, 203 P.3d 1138, 1142 (Alaska 2009) ("The principle that [an appellate court] can affirm on alternative grounds applies 'only to issues of law that find support in settled facts' and 'does not extend to new theories that would normally be resolved by discretionary powers traditionally reserved for trial courts — powers relying on case-specific consideration of disputed or disputable issues of fact.'" (quoting *Vaska v. State*, 135 P.3d 1011, 1019 (Alaska 2006))); *Burnett v. State*, 264 P.3d 607, 612 (Alaska App. 2011) (noting that an appellee "is entitled to argue for affirmance of the district court's decision on any legal ground revealed by undisputed facts in the trial court record"); *see also Meidinger v. Koniag, Inc.*, 31 P.3d 77, 88 (Alaska 2001) (concluding that the issues raised in the cross-appeal were not preserved for review).

In Alaska, a person accused of driving under the influence has the constitutional and statutory right to an independent chemical test.[9] This right is violated if the government refuses a defendant's request for an independent test or if the government fails to notify the defendant of their right to an independent test.[10] In *Snyder v. State*, the Alaska Supreme Court held that a person has the right to an independent test even if the person refuses to take the statutorily prescribed breath test.[11]

When the defendant submits to a breath test, but the State violates the defendant's due process right to an independent chemical test, the proper remedy is suppression of the breath test.[12] But in *Snyder*, the supreme court stated that when there is no test to suppress — as is the case here — suppression is not a meaningful sanction for the State's due process violation.[13] Instead, the supreme court held, the appropriate remedy is for the fact-finder to presume that the results of an independent test, had one been conducted, would have been "favorable" to the defendant.[14]

---

[9] AS 28.35.033(e); *Gundersen v. Anchorage*, 792 P.2d 673, 676-77 (Alaska 1990).

[10] *Snyder I*, 930 P.2d at 1278; *Gundersen*, 792 P.2d at 677 (holding that "clear and express notice of a defendant's statutory right to an independent test under these conditions satisfies the requirements of due process").

[11] *Snyder I*, 930 P.2d at 1278 ("[W]e believe that in the DWI context the accused's right and the state's duty extend to the opportunity to obtain an independent chemical test, and that this opportunity must be made available to the accused whether or not the accused agrees to submit to a breath test."). The independent test, if performed, does not preclude the State from charging the defendant with refusal to submit to the statutorily-prescribed breath test. *Id.* at 1277 n.3.

[12] *Id.* at 1279.

[13] *Id.*

[14] *Id.*

The issue presented here is whether the presumption adopted by the district court in this case — that an independent test would have revealed an amount below .08 — was sufficiently "favorable" to Nelson.

The *Snyder* court did not define with precision what it meant by "favorable." Instead, the court cited to AS 28.35.033 as "establishing presumptions regarding intoxication on the basis of blood alcohol content."[15]

Alaska Statute 28.35.033(a) establishes three possible presumptions for cases in which there is an admissible chemical test and the State chooses to prosecute the defendant under an impairment theory. Subsection (a)(1) provides that if the test reveals a blood or breath alcohol level of .04 or lower, "it shall be presumed that the person was not under the influence of an alcoholic beverage." Subsection (a)(2) provides that if the test reveals a blood or breath alcohol level of more than .04 but less than .08, there is no presumption as to whether the defendant was or was not under the influence of an alcoholic beverage. And subsection (a)(3) provides that if the test reveals a blood or breath alcohol level of .08 or more, "it shall be presumed that the person was under the influence of an alcoholic beverage."

On appeal, Nelson argues that, of these three subsections, only the first, subsection (a)(1), can be accurately described as adopting a presumption that is "favorable" to the defendant. The plain language of the statute supports this position. Subsection (a)(1) requires a presumption that the person was not under the influence of an alcoholic beverage, whereas subsection (a)(2) requires no presumption, and subsection (a)(3) requires a presumption that the person was under the influence of an alcoholic beverage.

---

[15] *Id.* at 1279-80.

Nelson's position is further supported by the supreme court's decision in *Snyder II* — a decision addressing the administrative revocation of Snyder's driver's license based on the same incident that gave rise to *Snyder I*.[16]  In *Snyder II*, the supreme court characterized its holding in *Snyder I* as follows:  "Because the police violated Snyder's right to due process by refusing him an independent blood test, we ordered in *Snyder I* that courts apply a presumption that the blood test results would have been favorable to him and thus supported his claim that he was not intoxicated."[17]  In support of this assertion, the court expressly cited the blood alcohol percentage contained in AS 28.35.033(a)(1) — noting that, while a blood alcohol level below .05 percent (a number that has now been amended to .04 percent)[18] "does not automatically exonerate a defendant" of driving under the influence, "it establishes a presumption that a person is not under the influence of intoxicating liquor."[19]

Based on this discussion in *Snyder II*, we conclude that AS 28.35.033(a)(1) establishes the favorable presumption required by *Snyder I*.

Here, the district court agreed with Nelson that she was entitled to a "favorable" presumption, but it only presumed that the result of an independent test would have revealed a blood alcohol level below .08 percent.  This was insufficiently "favorable" because the presumption that the person is not under the influence of intoxicating liquor is only triggered when the blood alcohol level is .04 percent or less.

---

[16]  *Snyder v. State, Dep't of Pub. Safety, Div. of Motor Vehicles* (*Snyder II*), 31 P.3d 770 (Alaska 2001).

[17]  *Id.* at 775.

[18]  SLA 2001, ch. 63, § 14.

[19]  *Snyder II*, 31 P.3d at 775 & n.21.

The trial court should therefore have presumed that Nelson's breath test would have yielded a result of .04 or less.

We note, however, that this presumption is rebuttable.[20] Even when the fact-finder is required to presume that the results of an independent test would have been .04 percent or lower, the State may still present evidence to demonstrate that the defendant was nonetheless under the influence of alcohol (either singly or in combination with other qualifying substances), and the fact-finder may still conclude, if the other evidence is sufficiently persuasive, that the State has established beyond a reasonable doubt that the defendant was under the influence.[21]

Thus, because the trial court did not apply a sufficiently "favorable" presumption for purposes of the supreme court's decisions in *Snyder I* and *Snyder II*, we conclude that Nelson's conviction must be vacated and her case remanded for a new trial in which the proper presumption under AS 28.35.033(a)(1) is applied.[22]

*Conclusion*

Nelson's conviction for driving under the influence is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

---

[20]  *See Anderson v. Anchorage*, 645 P.2d 205, 212 (Alaska App. 1982) (construing a prior version of AS 28.35.033(a) & (c), which contained nearly identical language, as creating a rebuttable presumption).

[21]  *See* AS 28.35.033(c) (providing that the presumptions set out in AS 28.35.033(a) "may not be construed to limit the introduction of any other competent evidence bearing upon the question of whether the person was or was not under the influence of intoxicating liquor").

[22]  Because we are remanding for a new trial, we need not address Nelson's claim that the trial court erred in allowing the investigating officer to offer an opinion as to whether Nelson was intoxicated.